# THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARD RANSOM JR.,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>DANNY HERRERA, et al.,<br><br>　　　　　Defendants. | 1:11-cv-01709 GSA PC<br><br>ORDER REQUIRING PLAINTIFF TO FILE AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGESS TO PROCEED ONLY ON CLAIMS FOUND TO BE COGNIZABLE<br><br>RESPONSE DUE IN THIRTY DAYS |

## I.  Screening Requirement

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).[1]

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[1]  Plaintiff filed a consent to proceed before a magistrate judge on October 25, 2011 (ECF No. 4).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

## II. Plaintiff's Claims

Plaintiff, an inmate in the custody of the California Department of Corrections (CDCR) and Rehabilitation at CSP Lancaster, brings this civil rights action against defendant correctional officials employed by the CDCR at Kern Valley State Prison. The events at issue occurred while Plaintiff as housed at Kern Valley. Plaintiff names the following individual defendants: Correctional Officer (C/O) D. Herrera; Sergeant R. Brannum; Lieutenant L. Castro; Registered Nurse A. Davis. Plaintiff claims that Defendants have violated his Due Process rights, violated the Equal Protection Clause and conspired to violate his civil rights.

### A. Summary of Complaint

Plaintiff alleges that on March 4, 2009, C/O Herrera and Sgt. Brannum approached Plaintiff's cell in order to transport Plaintiff to a medical appointment outside the prison. As they approached Plaintiff's cell, Plaintiff heard Herrera say to Brannum that "this is the one with the staff assault." Herrera was involved in transporting Plaintiff the previous month (to a court proceeding), and during the transport, continued to ask Plaintiff about his case. The assault involved a correctional officer that is a friend of Herrera's. Plaintiff alleges that during the previous transport, Herrera became angry at Plaintiff for his unwillingness to discuss his case.

Once Herrera and Brannum arrived at Plaintiff's cell, Plaintiff began to go through the routine unclothed body search procedures, including bending and squatting. When Plaintiff squatted, Herrera ordered Plaintiff to squat "all the way down." Plaintiff alleges that he previously told Herrera that because he had a bad disc in his lower back, he could not squat all the way down. Plaintiff alleges that Herrera and Brannum became verbally abusive. Plaintiff told them to "get away from my door, I'm not going." Brannum told Plaintiff: "I'll say you assaulted my officer." Brannum and Herrera then left.

Approximately fifteen minutes later, a sergeant arrived at Plaintiff's cell, and informed him that Herrera and Brannum accused him of grabbing Herrera through the tray slot. Plaintiff was then taken to a holding cage and was examined by a nurse in order to complete a Medical Report of Injury or Unusual Occurrence. The same day, Plaintiff filed an inmate grievance regarding the issue.

On March 17, 2009, Plaintiff was formally charged (by a Rules Violation Report, RVR) with battery on a peace officer. According to the charging document, Herrera alleged that Plaintiff reached his right arm through the cell port and grabbed Herrera's wrist and forearm in an attempt to gain control of Herrera. Plaintiff was advised that the RVR would be referred to the Kern County District Attorney's Office for possible prosecution.

On April 5, 2009, Lt. Castro interviewed Plaintiff regarding his inmate grievance. Plaintiff advised Castro that he had declarations from two witnesses to the event. Castro asked Plaintiff for the declarations. Approximately one week later, Plaintiff was served with another RVR, charging Plaintiff with falsification of records or documents for submitting a false declaration. Plaintiff alleges that the second RVR was based on Lt. Castro's interview of one of his witnesses, inmate Johnson. When Lt. Castro asked Johnson what he knew of Plaintiff, Johnson indicated that he did not know anyone by that name. Plaintiff indicates that Johnson would have known Plaintiff by a different name. Plaintiff alleges that Lt. Castro failed to interview the other witness, inmate Reed.

On May 15, 2009, Plaintiff was interviewed by C/O Chavez, the assigned Investigative Employee for the RVR charging Plaintiff with making a false declaration. Plaintiff explained to

Chavez that inmate Johnson knew him by a different name. Plaintiff alleges that C/O Chavez interviewed inmate Johnson, and Johnson confirmed that he knew Plaintiff, and that his declaration was based on what he saw.

On June 9, 2009, Plaintiff appeared for a previously scheduled Board of Parole hearing to determine his suitability for parole. Plaintiff alleges that "both RVRs of 3/4/09 and Falsification of Records or Documents were in the report before the Board, and relied on (in large part) to justify an unsuitability finding, which prompted the Board to push back my next Board hearing to 6/9/19, based, in large part, on the RVRs, which were false."

Plaintiff alleges that "about a month later," he was exonerated on the falsification of records charge. Plaintiff subsequently sent numerous requests for interview to Lt. Castro, "to correct her error" and re-examine the staff complaint. Lt. Castro never responded to the requests.

On August 14, 2009, the Kern County District Attorney's Office accepted the case for prosecution and Plaintiff was arraigned. The case was eventually dismissed in the interest of justice on September of 2010.

On July 22, 2011, a disciplinary hearing was conducted on Plaintiff's RVR charge of battery on a correctional officer. The Senior Hearing Officer, Lt. Randall, after reviewing the evidence, exonerated Plaintiff. Plaintiff alleges that the following factual findings were made by Lt. Randall:

> 1) Officer Herrera did violate CCR §3031(d), or lie; 2) Failure of the I.E. to interview Sgt. Brannum is a due process violation; 3) the declarations provided a legitimate defense, and were reiterated in the I.E. Report; 4) the photocopy of the cell configuration suggests Inmates Reed and Johnson had the opportunity to view the search as declared; and 5) the alleged injury documented on the 7219 was not consistent with the incidents of the nature of the conduct alleged.

Lt. Randall also noted that "numerous discrepancies have been identified within the documents provided for this RVR, to include due process violations that cannot be corrected at this institution. Therefore this RVR is being dismissed in the interest of justice."

### B.     Equal Protection

The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985); Shakur v. Schiriro, 514 F.3d 878, 891 (9th Cir. 2008). A plaintiff may establish an equal protection claim by showing that the plaintiff was intentionally discriminated against on the basis of plaintiff's membership in a protected class. Comm. Concerning Cmty. Improvement v. City of Modesto, 583 F.3d 960, 702-03 (9th Cir. 2009); Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, Engquist v. Oregon Dept. of Agr., 553 U.S. 591, 601-02 (2008); Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 592 (9th Cir. 2008); North Pacifica LLC v. City of Pacifica, 526 F.3d 478, 486 (9th Cir. 2008).

Here, Plaintiff alleges that Defendants Brannum and Herrera are of a different ethnicity than Plaintiff. Plaintiff has not, however, alleged any facts suggesting that he was intentionally discriminated against on the basis of his membership in any protected class, or that similarly situated individuals were treated differently without a rational relationship to a legitimate state purpose. Plaintiff's subjective belief that Defendants were motivated by racial animus is unsupported by any factual allegation.

### C.     Conspiracy

In the context of conspiracy claims brought pursuant to section 1983, a complaint must "allege facts to support the existence of a conspiracy among the defendants." Buckey v. County of Los Angeles, 968 F.2d 791, 794 (9th Cir. 1992); Karim-Panahi v. Los Angeles Police Department, 839 F.2d 621, 626 (9th Cir. 1988). Plaintiff must allege that defendants conspired or acted jointly in concert and that some overt act was done in furtherance of the conspiracy. Sykes v. State of California, 497 F.2d 197, 200 (9th Cir. 1974).

A conspiracy claim brought under section 1983 requires proof of "an agreement or meeting of the minds to violate constitutional rights." Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2001)(quoting United Steel Workers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1540-41

(9th Cir. 1989)(citations omitted)), and an actual deprivation of constitutional rights, <u>Hart v. Parks</u>, 450 F.3d 1059, 1071 (9th Cir. 2006)(quoting <u>Woodrum v. Woodward County, Oklahoma</u>, 866 F.2d 1121, 1126 (9th Cir. 1989)). "To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy." <u>Franklin</u>, 312 F.3d at 441(quoting <u>United Steel Workers</u>, 865 F.2d at 1541).

Plaintiff has alleged facts, if true, state a claim for relief against Defendants Brannum and Herrera on his conspiracy claim. The facts alleged indicate that Brannum, in the presence of Herrera and Plaintiff, stated his intention to falsely charge Plaintiff with staff assault. Plaintiff alleges that Herrera falsely accused him, and that Plaintiff was exonerated based upon false testimony of Herrera.

C.     **Due Process**

In <u>Edwards v. Balisok</u>, 520 U.S. 641, 644 (1997), the United States Supreme Court applied the doctrine articulated in <u>Heck v. Humphrey</u>, 512 U.S. 477, 487 (1994), to prison disciplinary hearings. In <u>Heck</u>, the Court held that a state prisoner's claim for damages for unconstitutional conviction or imprisonment is not cognizable under 42 U.S.C. § 1983 if a judgment in favor of plaintiff would necessarily imply the invalidity of his conviction or sentence, unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated. 512 U.S. at 487. In applying the principle to the facts of <u>Balisok</u>, the Court held that a claim challenging the procedures used in a prison disciplinary hearing, even if such a claim seeks money damages and no injunctive relief, is not cognizable under § 1983 if the nature of the inmate's allegations are such that, if proven, would necessarily imply the invalidity of the result of the prison disciplinary hearing. 520 U.S. at 646. Because such a challenge, if successful, would invalidate the duration of the inmate's confinement, it is properly brought as a habeas corpus petition and not under § 1983. <u>Heck</u>, 512 U.S. at 487; <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 500 (1973).

Although the specific facts of <u>Balisok</u> involved allegations of deceit and bias on the part of a hearing officer, the Court's reasoning applies to any claim which, if proven, would have the

effect of invalidating the result of a disciplinary hearing.  The Ninth Circuit has recently applied the <u>Balisok</u> rule to a case in which a prisoner sought damages based on allegations that prison officials relied on false information to find him ineligible for parole.  <u>Butterfield v. Bail</u>, 120 F.3d 1023 (9th Cir. 1997).  Because the claim necessarily implied the invalidity of the plaintiff's continued confinement, it could not accrue until the conviction or sentence had been invalidated.  <u>Id.</u>

      Here, Plaintiff has alleged facts indicating that he was charged with a disciplinary violation, and that he was falsely accused.  Plaintiff was exonerated based in part on a finding that a correctional officer gave false testimony.  Plaintiff also alleges that there was a specific finding that his due process rights had been violated, and that the pending disciplinary charged was responsible in part of his finding of unsuitability for parole.  Plaintiff has therefore stated a colorable claim for relief against Lt. Castro for a Due Process violation.

### III.   **Conclusion and Order**

      Plaintiff's complaint states claims for conspiracy to violate his civil rights and due process violation.  However, the complaint does not state any other cognizable claims.  The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order.  <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

      If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only on the claims identified in this order as cognizable, Plaintiff may so notify the Court in writing, and the Court will dismiss the other claims and defendants, and will forward to Plaintiff three summonses and three USM-285 forms for completion and return.  Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of process.

      If Plaintiff opts to amend, his amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, <u>Hydrick</u>, 500 F.3d at 987-88.  Although accepted as true,

the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 554 (2007) (citations omitted).

      Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

      Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send to Plaintiff a civil rights complaint form;
2. Within **thirty (30) days** from the date of service of this order, Plaintiff must either:
    a. File an amended complaint curing the deficiencies identified by the Court in this order, or
    b. Notify the Court in writing that he does not wish to file an amended complaint and wishes to proceed only against Defendants Brannum and Herrera on his conspiracy claim and against Defendant Castro on his Due Process claim; and
3. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated: **August 12, 2014**        **/s/ Gary S. Austin**
                                                       UNITED STATES MAGISTRATE JUDGE