UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARD RANSOM, JR., | 1:11-cv-01709-GSA-PC |
| Plaintiff, | ORDER FOR THIS ACTION TO PROCEED AGAINST DEFENDANTS BRANNUM AND HERRERA FOR CONSPIRACY, AND AGAINST DEFENDANT CASTRO FOR VIOLATION OF DUE PROCESS, AND DISMISSING ALL OTHER CLAIMS AND DEFENDANTS FROM THIS ACTION |
| vs. | |
| DANNY HERRERA, et al., | |
| Defendants. | |
| | ORDER FINDING SERVICE OF COMPLAINT APPROPRIATE AND DIRECTING PLAINTIFF TO INITIATE SERVICE OF PROCESS UPON DEFENDANTS (Doc. 1.) |
| | ONE HUNDRED-TWENTY (120) DAY DEADLINE TO COMPLETE SERVICE |

I.      BACKGROUND

        Leonard Ransom, Jr. ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on October 13, 2011.  (Doc. 1.)  On November 21, 2011, Plaintiff filed the $350.00 filing fee for this action.  (Court Record.)

On October 25, 2011, Plaintiff consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c), and no other parties have made an appearance.  (Doc. 4.) Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required.  Local Rule Appendix A(k)(3).

The court screened Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A and entered an order on August 12, 2014, requiring Plaintiff to either file an amended complaint or notify the court that he is willing to proceed only on the claims found cognizable by the court.  (Doc. 9.) On August 27, 2014, Plaintiff filed a notice informing the court that he is willing to proceed only on the cognizable claims.  (Doc. 11.)  On September 2, 2014, Plaintiff filed a motion for clarification of the court's screening order and a motion for extension of time to file an amended complaint.  (Docs. 12, 13.)  On September 4, 2014, the court granted Plaintiff an extension of time and responded to the motion for clarification.  (Doc. 14.)  On September 17, 2014, Plaintiff filed a notice informing the court that after receipt of the court's clarification order, there is no need to amend the complaint, and he now wishes to proceed only on the cognizable claims against defendants Sergeant Ricky Brannum and Correctional Officer Danny Herrera for conspiracy, and against defendant Lieutenant L. Castro for violation of due process

The Court finds Plaintiff's Complaint appropriate for service.

## II.   SERVICE OF PROCESS BY PLAINTIFF

Plaintiff paid the filing fee in full for initiating this action.  Because Plaintiff is not proceeding in forma pauperis, it is Plaintiff's responsibility to effect service of the summons and Complaint upon the Defendants.  The Clerk of the Court will be directed to issue three summonses to Plaintiff for the purpose of service of process.  Fed. R. Civ. P. 4.

Plaintiff shall complete service of process in accordance with Federal Rule of Civil Procedure 4 **within one-hundred twenty (120) days** from the date of service of this order. Plaintiff shall serve a copy of this order on each Defendant together with a copy of the summons and Complaint.  The following two sections contain instructions on how to serve Defendants.

### A.   <u>Waiver of Service</u>

Pursuant to Rule 4(d)(2), Plaintiff may (but is not required to) notify Defendants of the commencement of this action and request that they waive service of the summons.  Fed. R. Civ. P. 4(d)(1).  If Plaintiff wishes to do this, he must mail each Defendant (1) the form entitled "Notice of Lawsuit and Request for Waiver of Service for Summons," (2) the form entitled "Waiver of Service of Summons," and (3) a copy of the Complaint.  The documents must be addressed directly to each Defendant (<u>not the Attorney General's Office</u>) and must be dispatched (mailed) through first-class mail.  The Waiver of Service of Summons form must set forth the date on which the request is sent and must allow each Defendant at least thirty (30) days in which to return the waiver to Plaintiff.  If Defendants sign and return the waiver forms to Plaintiff, Plaintiff must then file the forms with the Court.  After filing the forms with the Court, Plaintiff need not take any further steps to serve Defendants.  Fed. R. Civ. P. 4(d)(4).

### B.   <u>Personal Service</u>

If either (1) Plaintiff does not wish to request Defendants to waive service <u>or</u> (2) one or more of the Defendants fail to return the Waiver of Service of Summons form to Plaintiff, Plaintiff must have personal service effected on Defendants.  Each Defendant must be personally served with a summons and copy of the Complaint, along with a copy of this order. <u>Plaintiff may not effect personal service himself</u>.  Fed. R. Civ. P. 4(c).  <u>Service may be effected by any person who is not a party to this action and who is at least eighteen years old</u>.  <u>Id</u>.  The Court will provide Plaintiff with a copy of Rule 4 along with this order.  Plaintiff should review Rule 4(e)(2), which addresses how personal service may be effected.  After personal service is effected on Defendants, Plaintiff must file proof of service with the Court.  Fed. R. Civ. P. 4(l).

## III.   CONCLUSION

Accordingly, it is HEREBY ORDERED that:

1.     This action now proceeds against defendants Sergeant Ricky Brannum and Correctional Officer Danny Herrera for conspiracy, and against defendant Lieutenant L. Castro for violation of due process;

2. All remaining claims and defendants are dismissed from this action based on Plaintiff's failure to state a claim;

3. Defendant Registered Nurse Alan Davis is DISMISSED from this action based on Plaintiff's failure to state any claims against him upon which relief may be granted under section 1983;

4. Plaintiff's claims for violation of equal protection are DISMISSED from this action for failure to state a claim under section 1983;

5. Service is appropriate for the following Defendants:

   **SERGEANT RICKY BRANNUM**

   **CORRECTIONAL OFFICER DANNY HERRERA**

   **LIEUTENANT L. CASTRO**

6. The Clerk is DIRECTED to reflect the dismissal of defendant Davis from this action on the court's docket;

7. The Clerk is directed to issue and send Plaintiff three (3) summonses for Defendants Brannum, Herrera, and Castro.

8. The Clerk is further directed to send Plaintiff:

  a) One (1) copy of the Complaint filed October 13, 2011 (Doc. 1);

  b) One (1) copy of the form entitled "Notice of Lawsuit and Request for Waiver of Service of Summons;"

  c) One (1) copy of the form entitled "Waiver of Service;" and

  d) One (1) copy of Rule 4 of the Federal Rules of Civil Procedure

9. Plaintiff shall complete service of process on Defendants Brannum, Herrera, and Castro within **one-hundred twenty (120) days** from the date of service of this order. Plaintiff shall serve a copy of this order on Defendants at the time of service of the summons and Complaint; and

///

///

///

10.   Plaintiff's failure to timely complete service of the complaint on Defendants Brannum, Herrera, and Castro may result in dismissal of this action.   Fed. R. Civ. P. 4(m).

IT IS SO ORDERED.

Dated:   **September 19, 2014**                    **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE