UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARD RANSOM, JR., | 1:11-cv-01709-GSA-PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR COURT TO CORRECT ERRORS IN THE COMPLAINT AND SUMMONS |
| vs. | |
| DANNY HERRERA, et al., | (Doc. 20.) |
| Defendants. | ORDER INFORMING PLAINTIFF HE IS PERMITTED TO FILE AMENDED COMPLAINT AS A MATTER OF COURSE |
| | ORDER FOR CLERK TO SEND COMPLAINT FORM TO PLAINTIFF |
| | THIRTY DAY DEADLINE TO FILE FIRST AMENDED COMPLAINT |

**I.   BACKGROUND**

Leonard Ransom, Jr. ("Plaintiff") is a state prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983.  On October 13, 2011, Plaintiff filed the Complaint commencing this action.  (Doc. 1.)  On October 25, 2011, Plaintiff consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c), and no other parties have made an appearance. (Doc. 4.)   Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required. Local Rule Appendix A(k)(3).

This action now proceeds on the initial Complaint against defendants Sergeant Ricky Brannum and Correctional Officer Danny Herrera for conspiracy, and against defendant Lieutenant L. Castro for violation of due process.[1]  On September 19, 2014, the court found the

---

[1] On September 19, 2014, the court issued an order dismissing all other claims and defendants from this action, based on Plaintiff's failure to state a claim.  (Doc. 16.)

Complaint appropriate for service and sent Plaintiff two issued summonses, a copy of the Complaint, and other documents to enable Plaintiff to serve process.[2]

On December 29, 2014, Plaintiff filed a motion to correct two errors in the Complaint. (Doc. 20.) Plaintiff also requested the court to correct and re-issue one of the summonses. (Id.)

## II.   LOCAL RULE 220 AND FEDERAL RULE OF CIVIL PROCEDURE 15(a) - AMENDING THE COMPLAINT

Local Rule 220 provides, in part:

> Unless prior approval to the contrary is obtained from the Court, every pleading to which an amendment or supplement is permitted as a matter of right or has been allowed by court order shall be retyped and filed so that it is complete in itself without reference to the prior or superseded pleading. No pleading shall be deemed amended or supplemented until this Rule has been complied with. All changed pleadings shall contain copies of all exhibits referred to in the changed pleading.

Plaintiff requests correction of two errors in the Complaint. First, Plaintiff seeks to change the name of defendant "L. Castro" to "J. Castro." Second, Plaintiff seeks to replace the date "4/5/09" in paragraph 24 of the Complaint to "5/5/09." Plaintiff may not amend the Complaint in this manner. To add or correct information in the Complaint, Plaintiff must "retype and file" a new First Amended Complaint which is complete in itself and does not refer back to the initial Complaint. L. R. 220. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Under Rule 15(a) of the Federal Rule of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). Here, because Plaintiff has not previously amended the complaint and no responsive pleading has

---

[2] Plaintiff paid the filing fee for this action on November 21, 2011. (Court Record.) Therefore, Plaintiff is responsible for serving process upon defendants in this action himself.

been served in this action, Plaintiff has leave to file an amended complaint as a matter of course. Plaintiff shall be granted thirty days to file an amended complaint making the needed changes.

### III.  REQUEST TO CORRECT SUMMONS

Plaintiff also requests the court to re-issue the summons for defendant Castro using the name "L. Castro" in place of "J. Castro." This request is moot, because after Plaintiff files the First Amended Complaint correcting defendant Castro's name, the court will issue new summonses reflecting the defendants' names in the First Amended Complaint.[3] Therefore, this request shall be denied.

### IV.  CONCLUSION AND ORDER

Plaintiff is granted thirty days in which to file a First Amended Complaint. Plaintiff is informed he must demonstrate in his amended complaint how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 36 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff should note that although he has the opportunity to amend, it is not for the purpose of adding allegations of events occurring after October 13, 2011. Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). In addition, Plaintiff should take care to include only those claims that have been exhausted prior to the initiation of this suit on October 13, 2011.

---

[3] After the First Amended Complaint is filed, the court shall screen it pursuant to 28 U.S.C. § 1915A to determine whether it states any cognizable claims. Service shall not go forward until the screening process has been completed.

Finally, as discussed above, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The First Amended Complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion requesting the court to make corrections to the Complaint and summons is DENIED;

2. Plaintiff is informed that he has leave to amend the Complaint once as a matter of course;

3. Within thirty (30) days from the date of service of this order, Plaintiff shall file a First Amended Complaint using the court's form;

4. The First Amended Complaint should be clearly and boldly titled "First Amended Complaint," refer to case number 1:11-cv-01709-GSA-PC, and be an original signed under penalty of perjury;

5. The Clerk of the Court shall send one civil rights complaint form to Plaintiff; and

6. Plaintiff is warned that the failure to comply with this order will result in the dismissal of this action for failure to obey a court order.

IT IS SO ORDERED.

   Dated: __**January 4, 2015**__          _____**/s/ Gary S. Austin**_____
                                                        UNITED STATES MAGISTRATE JUDGE