UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARD RANSOM, JR., | 1:11-cv-01709-LJO-EPG-PC |
| Plaintiff, | ORDER REQUIRING PLAINTIFF TO FILE OPPOSITION OR STATEMENT OF NON-OPPOSITION TO DEFENDANT BRANNUM'S MOTION TO DISMISS WITHIN THIRTY DAYS |
| v. | |
| DANNY HERRERA, et al., | |
| Defendants. | |

On July 7, 2016, defendant Ricky Brannum ("Defendant") filed a motion to dismiss. (ECF No. 38.)  Plaintiff was required to file an opposition or a statement of non-opposition to the motion within twenty-one days, but has not done so.  Local Rule 230(*l*).

Local Rule 230(*l*) provides that the failure to oppose a motion "may be deemed a waiver of any opposition to the granting of the motion . . ."  The Court will deem any failure to oppose Defendant's motion to dismiss as a waiver, and recommend that the motion be granted on that basis.

Failure to follow a district court's local rules is a proper grounds for dismissal. U.S. v. Warren, 601 F.2d 471, 474 (9th Cir. 1979).  Thus, a Court may dismiss an action for plaintiff's failure to oppose a motion to dismiss, where the applicable local rule determines that failure to oppose a motion will be deemed a waiver of opposition. See Ghazali v. Moran, 46 F.3d 52 (9th Cir. 1995), cert. denied 516 U.S. 838 (1995) (dismissal upheld even where plaintiff contends he

did not receive motion to dismiss, where plaintiff had adequate notice, pursuant to Fed. R. Civ. P. 5(b), and time to file opposition); cf. Marshall v. Gates, 44 F.3d 722, 725 (9th Cir. 1995); Henry v. Gill Industries, Inc., 983 F.2d 943, 949-50 (9th Cir. 1993) (motion for summary judgment cannot be granted simply as a sanction for a local rules violation, without an appropriate exercise of discretion).

Accordingly, IT IS HEREBY ORDERED that:

1. Within thirty days of the date of service of this order, Plaintiff shall file an opposition or statement of non-opposition to the motion to dismiss filed by Defendant Ricky Brannum; and

2. If Plaintiff fails to comply with this order, the Court will deem the failure to respond as a waiver and may recommend that the motion to dismiss be granted on that basis.

IT IS SO ORDERED.

Dated:   **August 31, 2016**                         /s/ Erica P. Grosjean
                                                    UNITED STATES MAGISTRATE JUDGE