# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARD RANSOM, JR., | 1:11-cv-01709-LJO-EPG (PC) |
| Plaintiff, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS (ECF. NOS. 32, 38, & 61) |
| v. | |
| DANNY HERRERA, et al., | |
| Defendants. | |

Leonard Ransom, Jr. ("Plaintiff") is a state prisoner proceeding *pro se* with this civil rights action filed pursuant to 42 U.S.C. § 1983. This case now proceeds on Plaintiff's First Amended Complaint, filed on January 23, 2015, against defendants Sergeant Ricky Brannum and Correctional Officer Danny Herrera for conspiracy, and against defendant Lieutenant L. Castro for violation of due process. (ECF Nos. 24 & 27). The matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On June 7, 2016, defendants Herrera and Castro filed a motion to dismiss. (ECF No. 32). On July 7, 2016, defendant Brannum filed a motion to dismiss. (ECF No. 38). Plaintiff opposed both motions (ECF Nos. 46 & 52). Plaintiff also filed a supplemental brief in support of his opposition to defendant Brannum's motion to dismiss. (ECF No. 58). Defendants Herrera and Castro filed a reply to Plaintiff's opposition. (ECF No. 48). Defendant Brannum filed a reply to Plaintiff's opposition and to Plaintiff's supplemental brief. (ECF Nos. 53 & 59).

On December 28, 2016, Magistrate Judge Erica P. Grosjean entered findings and recommendations, recommending that both motions to dismiss be granted. (ECF No. 61).

Judge Grosjean also recommended giving Plaintiff leave to amend his complaint. (<u>Id.</u>). The parties were provided an opportunity to file objections to the findings and recommendations within thirty days. Defendants Herrera, Brannum and Castro ("Defendants") objected to the findings and recommendations. (ECF No. 62). Plaintiff objected to the findings and recommendations and filed a reply to Defendants' objections. (ECF Nos. 67 & 68).

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Rule 304, this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court finds the findings and recommendations to be supported by the record and proper analysis.

Defendants argue that leave to amend should not be granted because Plaintiff cannot cure the defects in his complaint. They allege that the "[t]he First Amended Complaint does not provide, or even hint at, allegations giving rise to an inference of a claim for retaliation for Plaintiff's exercise of constitutional rights." (ECF No. 62, p. 4). However, this is not true. Plaintiff has alleged that approximately two weeks before the alleged false accusations occurred, defendant Herrera was transporting Plaintiff to a court proceeding. (ECF No. 24, p. 4). During the transport, defendant Herrera asked Plaintiff about Plaintiff's pending criminal case. (<u>Id.</u>). Plaintiff refused to talk about the case. (<u>Id.</u> at p. 5). "C.O. Herrera became very hostile, and on the drive back to the prison, he cranked the back speakers (where [Plaintiff] was sitting) up, full bore, and continued to, periodically, give [Plaintiff] an angry stare in the rear-view mirror." (<u>Id.</u>). While these allegations are not enough to state a claim, there is the potential inference that defendant Herrera later conspired against and retaliated against Plaintiff because Plaintiff exercised his Fifth Amendment right against self-incrimination. Additionally, the relevant legal standards were not fully set out in the prior screening orders. Therefore, Plaintiff will be given leave to file an amended complaint.

Accordingly, THE COURT HEREBY ORDERS that:

1. The findings and recommendations issued by the magistrate judge on December 28, 2016, are ADOPTED in full;

2. Defendant Herrera and Castro's motion to dismiss is GRANTED, with leave to

amend;

3. Defendant Brannum's motion to dismiss is GRANTED, with leave to amend;

4. Plaintiff has thirty days from the date of service of this order to file an amended complaint.  Failure to file an amended complaint may result in dismissal of this case; and

5. This case is referred back to the magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated:   **March 27, 2017**          _____/s/ Lawrence J. O'Neill_____
UNITED STATES CHIEF DISTRICT JUDGE