UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARD RANSOM, JR.,<br><br>    Plaintiff,<br><br>    v.<br><br>DANNY HERRERA and RICKY BRANNUM,<br><br>    Defendants. | Case No. 1:11-cv-01709-LJO-EPG (PC)<br><br>ORDER OVERRULING DEFENDANTS' OBJECTIONS TO DISCOVERY ORDER<br><br>(ECF Nos. 88 & 90) |

Leonard Ransom, Jr. ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

On December 14, 2017, Defendants filed an objection with this Court contesting the Magistrate Judge's order following the initial scheduling conference that ordered production of certain categories of documents discussed at the conference. (ECF No. 90). Notably, Defendants do not object to any category of documents subject to the Court's order. For the reasons described below, Defendants' objection is overruled.

**I.    PROCEDURAL BACKGROUND**

On August 18, 2017, the Magistrate Judge issued an order requiring initial disclosures and setting a mandatory scheduling conference. (ECF No. 79). The order directed the parties to exchange certain categories of information consistent with Rule 26 of the Federal Rules of Civil Procedure prior to the Rule 16 scheduling conference. (Id. at 2). Part of the order tracked the Rule 26 requirement for the parties to provide a copy, or description by category and location, of all documents that the party may use to support its claims. The order further directed the parties to "be prepared to informally discuss… The location of potentially relevant documents… [and] [d]iscovery each party intends to take, if any, in addition to the discovery ordered above." (Id. at 3). Finally, the order directed the parties to file a scheduling

1

conference statement addressing, among other things, these issues.  (Id.)  Prior to the conference, both parties filed Scheduling Conference Statements discussing the discovery the parties intend to take.  (ECF. 83 & 85).

The Magistrate Judge held a scheduling conference on November 20, 2017.  Plaintiff telephonically appeared *pro se* and Defendants telephonically appeared through counsel.  (ECF No. 86).  During the conference, the Magistrate Judge discussed with the parties the relevant documents in this case and their possible locations.  (ECF No. 88, p. 1).

Following the conference, the Magistrate Judge issued a discovery order.  (ECF No. 88).  The order described how "[d]uring the Conference, and with the benefit of scheduling conference statements provided by the parties, the Court and the parties discussed relevant documents in this case and their possible locations."  (Id. at 1).  Based on input from the parties, the Magistrate Judge identified certain categories of documents that the Magistrate Judge found to be "central to the dispute," and ordered that the parties exchange those documents.  (ECF No. 88).  The order stated that "[i]f either party has an objection to providing these documents to the opposing party, that party shall inform the opposing party that he is making the objection and include a privilege log of any documents withheld on the basis of privilege, and otherwise follow the procedures set forth in the Court's scheduling order."  (Id. at 2-3).

On December 14, 2017, Defendants filed the instant Rule 72(a) objections to the Magistrate Judge's November 30, 2017 order.  (ECF No. 90).  Specifically, Defendants object to the Magistrate Judge's authority to issue the order.  (Id.)  Defendants do not provide any objection to the scope of the documents ordered.[1]

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 72(a), when reviewing a magistrate judge's order, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."  See also 28 U.S.C. §

---

[1] The Court notes that Defendants do mention an overbreadth objection (ECF No. 90, p. 4), but that objection is not the focus of the current motion.

636(b)(1)(A); Local Rule 303. Under the clearly erroneous standard of review, a district court may overturn a magistrate judge's ruling "'only if the district court is left with the definite and firm conviction that a mistake has been made.'" Computer Economics, Inc. v. Gartner Group, Inc., 50 F.Supp.2d 980, 983 (S.D.Cal.1999) (quoting Weeks v. Samsung Heavy Indus. Co., Ltd., 126 F.3d 926, 943 (7th Cir.1997)). Under the contrary to law standard, a district court may conduct independent review of purely legal determinations by a magistrate judge. Id.

### III. DISCUSSION

Defendants argue that the "Magistrate Judge's order is effectively a Request for Production of Documents propounded on the parties by the Court." (ECF No. 49, p. 2). On this premise, Defendants proceed to contend that the text of Rule 16 does not permit the Magistrate Judge to participate in discovery by "propound[ing] discovery requests on the parties." (Id. at 3).

To begin, the Court notes that the Office of the Attorney General made a nearly identical objection in a prior case before this Court, and this Court overruled that objection. Aleman v. Acosta, No. 1:15-CV-01293LJOEPGPC, 2017 WL 2881105 (E.D. Cal. July 6, 2017). For the same reasons, the Court overrules the current objection as well.[2]

Nothing prevents the Magistrate Judge from issuing a discovery order based on input from the parties regarding categories of discoverable information and with notice and an opportunity to be heard. Indeed, courts are increasingly using informal discovery procedures such as telephonic conferences to address discovery issues. See, e.g., Engert v. Stanislaus Cty., No. 1:13-cv-0126-LJO-BAM, 2014 WL 5217301 (E.D. Cal. Oct. 14, 2014) (resolving discovery disputes during hearing without formal motion); Thomas-Young v. Sutter Cent. Valley Hosps., No. 1:12-cv-01410-AWI-SKO, 2013 WL 30574167, at *1 (E.D. Cal. June 17,

---

[2] Although not binding on this Court, it is worth noting that District Judge Dale A. Drozd overruled similar objections also brought by the Attorney General's office on the basis that the parties were given sufficient notice, courts are permitted to "employ informal procedures in resolving discovery disputes, the magistrate judge had legal authority to order a pretrial discovery order "to ensure that the relevant issues to be tried are identified," the Court addressed the parties' objections. See Hamilton v. Hart, No. 110CV00272DADEPG, 2017 WL 272090, at *1 (E.D. Cal. Jan. 19, 2017) (rejecting argument the order following discovery conference directing production of information did not follow a formal, noticed motion to compel and finding textual support within Rule 37 for entry of the order).

3

2013) (same); Honeywell Int'l, Inc. v. Western Support Grp., No. CV 12-00645-PHX-JAT, 2013 WL 2369919, at *1 n.2 (D. Ariz. May 29, 2013) (same).

It is well established that "[t]he district court has wide discretion in controlling discovery." Little v. City of Seattle, 863 F.2d 681, 685 (9th Cir. 1988) (collecting cases). See also United States v. W.R. Grace, 526 F.3d 499, 508–09 (9th Cir. 2008) ("We begin with the principle that the district court is charged with effectuating the speedy and orderly administration of justice. There is universal acceptance in the federal courts that, in carrying out this mandate, a district court has the authority to enter pretrial case management and discovery orders designed to ensure that the relevant issues to be tried are identified, that the parties have an opportunity to engage in appropriate discovery and that the parties are adequately and timely prepared so that the trial can proceed efficiently and intelligibly."). Moreover, Federal Rule of Civil Procedure 16 provides that "[a]t any pretrial conference, the court may consider and take appropriate action on the following matters:… (F) controlling and scheduling discovery, including orders affecting disclosures and discovery under Rule 26 and Rules 29 through 37;" Fed. R. Civ. P. 16(c)(2).[3] "The express purposes of Rule 16 include 'expediting disposition of the action' and 'discouraging wasteful pretrial activities.'" Hamilton v. Hart, No. 110CV00272DADEPG, 2017 WL 272090, at *3 (E.D. Cal. Jan. 19, 2017) (quoting Fed. R. Civ. P. 16(a)). "Federal Rule of Civil Procedure 16 vests the Court with early control over cases 'toward a process of judicial management that embraces the entire pretrial phase, especially motions and discovery.'" Id. (quoting Chire v. New Castle Corp., No. 2:14-cv-00383-RFB-NJK, 2014 WL 4803109, at *1 (D. Nev. Sept. 26, 2014)) (quoting Fed. R. Civ. P. 16 Advisory Committee's Note to 1983 amendment)).

Indeed, the Advisory Committee Notes to Rule 26 provide that the Court has the authority to order the exchange of information in managing the action pursuant to its Rule 16 authority. See Advisory Committee Notes to 1993 Amendment to Federal Rules of Civil Procedure regarding Rule 26(a) ("The enumeration in Rule 26(a) of items to be disclosed does

---

[3] It is noted that this list is non-exhaustive. See Fed. R. Civ. P. 16(c)(2)(P).

4

not prevent a court from requiring by order or local rule that the parties disclose additional information without a discovery request.").

In conclusion, the Magistrate Judge's authority to enter a pretrial discovery order directing the exchange of certain information between the parties is supported by the Federal Rules of Civil Procedure, the Advisory Committee Notes to the Federal Rules of Civil Procedure, and case law. It appears that the Magistrate Judge's order was based on input from the parties regarding categories of relevant documents, and the parties were given notice and an opportunity to be heard. The parties may also still object to providing any documents identified in the Magistrate Judge's order. (ECF No. 88, p. 2). Accordingly, Defendants' objections are overruled.[4]

## IV. CONCLUSION

For the foregoing reasons, the November 30, 2017 order is not clearly erroneous or contrary to law, and Defendants' objections (ECF No. 90) are OVERRULED.

IT IS SO ORDERED.

Dated: __December 18, 2017__                /s/ Lawrence J. O'Neill  
                                            UNITED STATES CHIEF DISTRICT JUDGE

---

[4] To the extent that Defendants' objection attacks the authority of a federal magistrate judge to enter such an order, the objection is overruled. The scope of magistrate judge authority is derived from Title 28, United States Code, Section 636. Under that statute, a district judge "may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except [certain enumerated motions]." 28 U.S.C. § 636(b)(1)(A). The Local Rules of this District designate that: 1) all discovery motions and pretrial scheduling conferences shall be conducted by magistrate judges, Local Rule 302(c)(1), (13), and 2) magistrate judges resolve discovery disagreements, Local Rule 251. Thus, a magistrate judge's authority to enter pretrial discovery orders in this District is coextensive with the overall authority of the district court to enter such an order.