UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARD RANSOM, JR., <br><br> Plaintiff, <br><br> v. <br><br> DANNY HERRERA and RICKY BRANNUM, <br><br> Defendants. | Case No. 1:11-cv-01709-LJO-EPG (PC) <br><br> ORDER GRANTING PLAINTIFF'S MOTION FOR ISSUANCE OF SUBPOENAS DUCES TECUM <br><br> (ECF NO. 94) |

Leonard Ransom, Jr. ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action filed pursuant to 42 U.S.C. § 1983. This case is now proceeding on Plaintiff's Second Amended Complaint (ECF No. 72), against defendants Brannum and Herrera on Plaintiff's Fourteenth Amendment procedural due process claim, Fourteenth Amendment substantive due process claim under <u>Devereaux</u>, retaliation claim, section 1983 malicious prosecution claim, and conspiracy claim." (ECF No. 77, p. 2).

On January 2, 2018, Plaintiff filed a motion for issuance of subpoenas duces tecum. (ECF No. 94). Plaintiff asks for the issuance of four subpoenas: one directed to Mr. Scott Kernan (Secretary of the California Department of Corrections and Rehabilitation ("CDCR")), one directed to the CDCR Board of Parole Hearings, one directed to the Kern County District

1

Attorney, and one directed to K. Holland (Chief Deputy Warden at California Correctional Institution).

Included in Plaintiff's motion is a description of the documents, electronically stored information, and other tangible things he is seeking, as well as why Plaintiff believes the documents, electronically stored information, and other tangible evidence is relevant.

"A command in a subpoena to produce documents, electronically stored information, or tangible things requires the responding person to permit inspection, copying, testing, or sampling of the materials." Fed. R. Civ. P. 45(a)(1)(D). "If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party." Fed. R. Civ. P. 45(a)(4).

The Court will grant Plaintiff's motion for issuance of subpoenas, and the Clerk will be directed to send four signed subpoenas (form AO 88B) to Plaintiff. Fed. R. Civ. P. 45(a)(3). The Court notes that when completing the subpoenas, Plaintiff should identify with specificity the documents and tangible things that he is seeking.

The Court notes that this order does not preclude the responding parties from objecting to the requests. The Court is not making a finding that each of the requests is subject to discovery under Rule 26.[1]

Additionally, as Plaintiff is not proceeding *in forma pauperis* in this case, Plaintiff must pay for and arrange for service of the subpoenas.

If Plaintiff cannot afford or arrange for service, he may file a motion requesting that he be granted *in forma pauperis* status for the limited purpose of service of the subpoenas. If Plaintiff files such a motion, the Court will examine the requests more closely and may decline to pay for and issue subpoenas or specific requests that do not appear to fall within the scope of

---

[1] Under Rule 26 of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

discovery considering proportionality and other considerations. The Court notes that many of the requests appear overbroad on their face and not sufficiently tailored to the issues in this case. Additionally, the subpoenas are numerous and may be costly to issue. Should Plaintiff wish the Court to pay for service of the subpoenas, Plaintiff should attempt to narrowly tailor his requests to the most relevant information. Plaintiff should also indicate whether he has requested these documents already from Defendants, and if so what their response was.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion for issuance of subpoenas duces tecum is GRANTED; and
2. The Clerk of Court is directed to send Plaintiff four signed copies of form AO 88B and four copies of form USM-285.[2]

IT IS SO ORDERED.

Dated: **January 4, 2018**  /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE

---

[2] Plaintiff only needs to complete and return the USM-285 forms if he files a motion requesting that he be granted *in forma pauperis* status for the limited purpose of service of the subpoenas.