IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARD RANSOM, JR., <br><br> Plaintiff, <br><br> v. <br><br> DANNY HERRERA and RICKY BRANNUM, <br><br> Defendants. | Case No. 1:11-cv-01709-LJO-EPG (PC) <br><br> ORDER GRANTING IN PART DEFENDANTS' MOTION FOR STAY OF DISCOVERY PENDING OUTCOME OF FEBRUARY 22, 2018 SETTLEMENT CONFERENCE <br><br> (ECF NO. 96) |

On January 11, 2018, Defendants filed a motion for stay of discovery pending outcome of February 22, 2018 settlement conference. (ECF No. 96). In the interest of judicial economy, Defendants ask that discovery be stayed until after the settlement conference. Defendants argue that it "would be unduly burdensome, time consuming, and expensive for Defendants to respond to discovery requests that will ultimately be deemed moot if this case settles… In addition, continuing with discovery could affect the funds available for settlement, which in turn could detrimentally affect settlement negotiations." (ECF No. 96-1, pgs. 2-3).

It is well established that "[t]he district court has wide discretion in controlling discovery." Little v. City of Seattle, 863 F.2d 681, 685 (9th Cir. 1988) (collecting cases). See also United States v. W.R. Grace, 526 F.3d 499, 508–09 (9th Cir. 2008) ("We begin with the

principle that the district court is charged with effectuating the speedy and orderly administration of justice. There is universal acceptance in the federal courts that, in carrying out this mandate, a district court has the authority to enter pretrial case management and discovery orders designed to ensure that the relevant issues to be tried are identified, that the parties have an opportunity to engage in appropriate discovery and that the parties are adequately and timely prepared so that the trial can proceed efficiently and intelligibly.").

Moreover, Federal Rule of Civil Procedure 16 provides that "[a]t any pretrial conference, the court may consider and take appropriate action on the following matters:… (F) controlling and scheduling discovery, including orders affecting disclosures and discovery under Rule 26 and Rules 29 through 37;" Fed. R. Civ. P. 16(c)(2).[1] "The express purposes of Rule 16 include 'expediting disposition of the action' and 'discouraging wasteful pretrial activities.'" Hamilton v. Hart, No. 110CV00272DADEPG, 2017 WL 272090, at *3 (E.D. Cal. Jan. 19, 2017) (quoting Fed. R. Civ. P. 16(a)). "Federal Rule of Civil Procedure 16 vests the Court with early control over cases 'toward a process of judicial management that embraces the entire pretrial phase, especially motions and discovery.'" Id. (quoting Chire v. New Castle Corp., No. 2:14-cv-00383-RFB-NJK, 2014 WL 4803109, at *1 (D. Nev. Sept. 26, 2014)) (quoting Fed. R. Civ. P. 16 Advisory Committee's Note to 1983 amendment)).

In the interests of judicial economy, Defendants' motion will be granted in part. The Court has already ordered the parties to exchange documents (or put forth valid objections) that appeared to be central to the dispute in this case (ECF No. 88), and the parties should have already complied with that order. That Court will not stay compliance with that order.

That said, the Court believes a limited stay is reasonable regarding responses to Plaintiff's written discovery requests. These may indeed be time consuming and may not significantly add to the understanding of the case beyond those documents already ordered by the Court enough to justify the burden of response before the settlement conference.

Accordingly, it is ORDERED that:

1. Defendants' motion for stay of discovery pending outcome of February 22, 2018

---

[1] It is noted that this list is non-exhaustive. See Fed. R. Civ. P. 16(c)(2)(P).

settlement conference is GRANTED IN PART;

2. Defendants do not need to respond to the interrogatories, requests for admission, and requests for production of documents that were served on Defendants on December 13, 2017, until ten days after the settlement conference to the extent the parties do not reach a settlement; and

3. No other discovery is stayed.

IT IS SO ORDERED.

Dated: **January 17, 2018**

/s/ Eric P. Grosj

UNITED STATES MAGISTRATE JUDGE