# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARD RANSOM, JR., | Case No. 1:11-cv-01709-LJO-EPG (PC) |
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S MOTION TO APPEAR AT SETTLEMENT CONFERENCE VIA VIDEO CONFERENCE** |
| v. | |
| DANNY HERRERA, et al., | **(Doc. 101)** |
| Defendants. | |

## INTRODUCTION

Plaintiff, Leonard Ransom, Jr., a state prisoner proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983. The action is currently scheduled for settlement conference before the undersigned on February 22, 2018. (Doc. 87.) On January 19, 2018, Plaintiff filed a motion to appear at the settlement conference via video conference. (Doc. 101.) Although the time for Defendants to file a response has not yet lapsed, *see* L.R. 230(*l*), they will not be prejudiced by an early ruling on Plaintiff's motion.

## ANALYSIS

**A.  Plaintiff May Appear Via Video Conference**

Federal Rule of Civil Procedure 43(a) provides that a court may "permit testimony in open court by contemporaneous transmission from a different location" for good cause in compelling circumstances and with appropriate safeguards. Appropriate safeguards exist where the opposing party's ability to conduct cross-examination is not impaired, the witness testifies under oath in open court, and the witness's credibility can be assessed adequately. *See Beltran-Tirado v.*

1

*Immigration and Naturalization Service*, 213 F.3d 1179, 1186 (9th Cir. 2000); *Alderman v. SEC*, 104 F.3d 285, 288 n. 4 (9th Cir.1997); *Scott Timber, Inc. v. United States*, 93 Fed. Cl. 498, 500 (Fed. Clms. 2010). It is appropriate to consider the possible effect of a witness's physical absence from the courtroom on his or her truthfulness. *See Humbert v. O'Malley*, 303 F.R.D. 461, 465 (Dist. MD, 2014); *Federal Trade Commission v. Swedish Match North America, Inc.*, 197 F.R.D. 1, 2 (D.C. 2000); *Scott Timber,* 93 Fed. Cl. at 501.

The purpose of hearing live testimony is to "enable[ ] the finder of fact to see the witness's physical reactions to questions, to assess the witness's demeanor, and to hear the tone of the witness's voice." *United States v. Mejia*, 69 F.3d 309, 315 (9th Cir.1995). Where the veracity of witnesses is at issue, the court must make a credibility determination by listening to the witnesses, testing their story, and gauging their demeanor. *Earp v. Oronski*, 431 F.3d 1158, 1169-1170 (9th Cir.2005). Finally, "[i]n evaluating credibility, the court should consider factors such as the opportunity and ability of the witness to see or hear or know the things testified to; the witness' memory; the witness' manner while testifying; the witness' interest in the outcome of the case and any bias or prejudice; whether other evidence contradicted the witness' testimony; the reasonableness of the witness' testimony in light of all the evidence; and any other factors that bear on believability." *Henry v. Marshall*, No. CIVS940916JKSEFBP, 2010 WL 2179896, at *5 (E.D. Cal. May 27, 2010).

However, because a witness testifying by video is observed directly with little, if any, delay in transmission, video testimony can sufficiently enable cross-examination and credibility determinations, as well as preserve the overall integrity of the proceedings. *See Parkhurst v. Belt*, 569 F.3d 995, 1003 (8th Cir.2009); *Scott Timber*, 93 Fed. Cl. at 501; *see also Swedish Match*, 197 F.R.D. at 2 (finding that there was "no practical difference between live testimony and contemporaneous video transmission" in proceedings in that case).

Here, the Court finds it appropriate to allow Plaintiff to appear at the settlement conference via video conference. Significantly, in his motion, Plaintiff presents information regarding his medical conditions which would be exacerbated if not injured by any extenuated transport from High Desert State Prison to this courthouse. Additionally, Plaintiff's interaction

will be almost exclusively with the Court, no cross-examination will be required, and Plaintiff's credibility or veracity will not be in question. The success of the settlement conference will depend on the known strength and weaknesses of the parties' positions and their desire to resolve the matter.

**ORDER**

Accordingly, it is HEREBY ORDERED that:

(1) Plaintiff's motion to appear at the settlement conference via video conferencing, filed on January 19, 2018, (Doc. 101), is GRANTED;

(2) The assistance of the Litigation Coordinator at High Desert State Prison is requested to reserve and facilitate the use of the video conferencing equipment at that facility for the settlement conference in this case on February 22, 2018, from 10:00 a.m. until the hearing concludes; and

(3) The Clerk of the Court is directed to forward a copy of this order to the Litigation Coordinator at High Desert State Prison.

IT IS SO ORDERED.

Dated: **January 25, 2018**            /s/ *Sheila K. Oberto*
                                       UNITED STATES MAGISTRATE JUDGE