# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARD RANSOM, JR., <br><br> Plaintiff, <br><br> v. <br><br> DANNY HERRERA and RICKY BRANNUM <br><br> Defendants. | Case No. 1:11-cv-01709-LJO-EPG (PC) <br><br> ORDER SETTING SETTLEMENT CONFERENCE AND APPOINTING LIMITED PURPOSE COUNSEL FOR PURPOSES OF SETTLEMENT |

Leonard Ransom, Jr. ("Plaintiff"), is a state prisoner proceeding *pro se* in this civil rights action filed pursuant to 42 U.S.C. § 1983. The Court has determined that this case will benefit from a settlement conference. Therefore, this case will be referred to Magistrate Judge Craig M. Kellison to conduct a settlement conference at High Desert State Prison, 475-750 Rice Canyon Road, Susanville, California, 96127, on July 17, 2018 at 11:00 a.m.

The Court also finds that the appointment of counsel for Plaintiff is warranted for the limited purpose of assisting Plaintiff with preparing for and participating in the settlement conference. Brian C. McComas has been selected from the Court's pro bono attorney panel to represent Plaintiff and has agreed to be appointed for the limited purpose of the settlement conference.

In accordance with the above, IT IS HEREBY ORDERED that:

1. This case is set for a settlement conference before Magistrate Judge Craig M. Kellison

on July 17, 2018 at 11:00 a.m., at High Desert State Prison, 475-750 Rice Canyon Road, Susanville, California, 96127.

2. A representative to negotiate and enter into a binding settlement on the defendants' behalf shall attend in person. Additionally, either that person or a person available during the conference by telephone must have full and unlimited authority to authorize a settlement in any amount that person deems fair and appropriate.[1]

3. Those in attendance must be prepared to discuss the claims, defenses and damages at issue in this case. The failure of any counsel, party or authorized person subject to this order to appear in person may result in the imposition of sanctions.

4. Each party shall provide a confidential settlement statement to Sujean Park, 501 I Street, Suite 4-200, Sacramento, California 95814, or via e-mail at spark@caed.uscourts.gov, so they arrive no later than July 9, 2018. Parties shall also file a <u>Notice of Submission of Confidential Settlement Conference Statement</u> (See L.R. 270(d)). Settlement statements **should not be filed** with the Clerk of the Court **nor served on any other party**. Settlement statements shall be clearly marked "confidential" with the date and time of the settlement conference indicated prominently thereon.

5. The confidential settlement statement shall be **no longer than ten pages** in length, typed or neatly printed, and include the following:
    a. A brief statement of the facts of the case.

---

[1] While the exercise of its authority is subject to abuse of discretion review, "the district court has the authority to order parties, including the federal government, to participate in mandatory settlement conferences...." <u>United States v. United States District Court for the Northern Mariana Islands</u>, 694 F.3d 1051, 1053, 1057, 1059 (9th Cir. 2012)("the district court has broad authority to compel participation in mandatory settlement conference[s]."). The term "full authority to settle" means that the individuals attending the mediation conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. <u>G. Heileman Brewing Co., Inc. v. Joseph Oat Corp.</u>, 871 F.2d 648, 653 (7th Cir. 1989), <u>cited with approval in Official Airline Guides, Inc. v. Goss</u>, 6 F.3d 1385, 1396 (9th Cir. 1993). The individual with full authority to settle must also have "unfettered discretion and authority" to change the settlement position of the party, if appropriate. <u>Pitman v. Brinker Int'l., Inc.</u>, 216 F.R.D. 481, 485-86 (D. Ariz. 2003), <u>amended on recon. in part</u>, <u>Pitman v. Brinker Int'l., Inc.</u>, 2003 WL 23353478 (D. Ariz. 2003). The purpose behind requiring the attendance of a person with full settlement authority is that the parties' view of the case may be altered during the face to face conference. <u>Pitman</u>, 216 F.R.D. at 486. An authorization to settle for a limited dollar amount or sum certain can be found not to comply with the requirement of full authority to settle. <u>Nick v. Morgan's Foods, Inc.</u>, 270 F.3d 590, 596-97 (8th Cir. 2001).

b. A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.
    c. A summary of the proceedings to date.
    d. An estimate of the cost and time to be expended for further discovery, pretrial, and trial.
    e. The relief sought.
    f. The party's position on settlement, including present demands and offers and a history of past settlement discussions, offers, and demands.
    g. A brief statement of each party's expectations and goals for the settlement conference.
6. Brian C. McComas is appointed as limited purpose counsel in the above entitled matter. This appointment is for the limited purpose of assisting Plaintiff with preparing for and participating in a settlement conference.
7. Brian C. McComas' appointment will terminate fifteen days after completion of the settlement conference, or any continuation of the settlement conference.
8. Appointed counsel shall notify Sujean Park at (916) 930-4278, or via email at spark@caed.uscourts.gov, if he has any questions related to the appointment.
9. The Clerk of the Court is directed to serve a copy of this order upon Brian C. McComas, Law Office of B.C. McComas LLP, 77 Van Ness Ave., Suite 101, PRMB 1605, San Francisco, CA 94102.

\\\
\\\
\\\
\\\
\\\

3

10. The Clerk of the Court is directed to serve a copy of this order on the Litigation Office at High Desert State Prison via facsimile at (530) 251-5031.

IT IS SO ORDERED.

Dated: **April 17, 2018**

/s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE