UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARD RANSOM, JR.,<br><br>    Plaintiff,<br><br>    v.<br><br>DANNY HERRERA and RICKY BRANNUM,<br><br>    Defendants. | Case No. 1:11-cv-01709-LJO-EPG (PC)<br><br>ORDER REGARDING K. HOLLAND'S MOTION TO QUASH SUBPOENA, OR ALTERNATIVELY, ISSUE PROTECTIVE ORDER<br><br>(ECF NO. 121) |

Leonard Ransom, Jr. ("Plaintiff"), is a state prisoner proceeding *pro se* in this civil rights action filed pursuant to 42 U.S.C. § 1983. This case is now proceeding "on Plaintiff's Second Amended Complaint (ECF No. 72), against defendants Brannum and Herrera on Plaintiff's Fourteenth Amendment procedural due process claim, Fourteenth Amendment substantive due process claim under Devereaux, retaliation claim, section 1983 malicious prosecution claim, and conspiracy claim." (ECF No. 77, p. 2).

Plaintiff's complaint stems from the allegation that defendants falsely accused Plaintiff of assaulting an officer, which resulted in a criminal case against Plaintiff and a rules violation report. These claims were eventually dismissed over two year later. However, the false claims against Plaintiff resulted in substantial time in administrative segregation, a criminal case

1

against Plaintiff, denial of parole, and delay of the next opportunity for parole for ten years.

The present motion is non-party K. Holland's motion to quash a subpoena by Plaintiff asking for, among other things, correspondence indicating that he was kept in administrative segregation because of the false report at issue in this case. (ECF No. 121)

### I. The Parties' Positions on K. Holland's Subpoena

The briefing on this motion is lengthy and the Court will not summarize every statement here.

Plaintiff's subpoena seeks the following documents:

- Documents and electronic messages "with any employee of CDCR, at Kern Valley State Prison," regarding RVR Log#FB-09-03-003, from "March 29, 2011 through October 31, 2011;"
- "All notes, memorandums, e-mails, text messages, or any tangible form of communication between K. Holland and E. Stelter, at CCI, regarding the retention, or release, of Plaintiff… in Administrative Segregation, during the period of March 29, 2011 through November 1, 2011;"
- "Specific Operational procedures for California Correctional Institution, for inmate placement in administrative segregation, movement, law library, placement in management cells, recreation yard procedure, and description of yard, law library, medical cages, utilization, and application of mechanical restraints for inmates ho[u]sed in administrative segregation, for the time period of March 29, 2011 through November 1, 2011;"
- "Any existing videot[a]pes, photographs, schematics, measurements, and descriptions of cells 4A-6A-203, and 4A-8A-102, and 103, at CCI, from the time period of March 29, 2011, through November 1, 2011."

(ECF No. 121-2, pgs. 4-5).

On March 1, 2018, K. Holland moved to quash Plaintiff's subpoena on the following grounds: (1) it was improperly served at Kern Valley State Prison, although K. Holland worked at another prison, CCI; (2) the subpoena lacked a signature by a clerk or attorney; (3) the information sought is not relevant because it does not describe what defendants themselves did; (4) the subpoena provides an inadequate time to respond; (5) the information sought is privileged to the extent it requests operational procedures (if the Court grants Plaintiff's subpoena requests, Warden Duffy requests that the Court conduct an *in camera* review of the requested documents before their disclosure to Plaintiff). (ECF No. 121-1)

The Court addressed this motion during a hearing on April 4, 2018. During that hearing, Plaintiff explained his understanding that K. Holland worked at CCI when Plaintiff was confined there, after the allegedly false report was filed against Plaintiff. At some point in time, K. Holland corresponded with prison officials at his prior institution, Kern Valley State Prison (KVSP), regarding whether Plaintiff should remain in administrative segregation. KVSP officials told K. Holland of the rules violation report at issue in this case and as a result Plaintiff was improperly kept in administrative segregation at CCI. Plaintiff claims that this information is relevant to establish his damages, i.e. what harm he suffered as a result of Defendants filing false charges against him even though he was eventually exonerated of those charges. Defendants claimed that the information was not relevant so long as Defendants themselves did not make the decision to confine him in Administrative Segregation as a result of their false charges.

The parties expanded on these positions in Plaintiff's opposition (ECF No. 137), and K. Holland's reply (ECF No. 142).

It is worth noting that the motion on behalf of K. Holland was filed by Defense counsel, Annakarina De La Torre-Fennell.

**II. Analysis of Motion to Quash**

**A. Proper Service**

Holland first objects that service was improper because Holland worked at a different facility and because the clerk did not sign the subpoena.

Technically, this appears correct. Based on explanation from counsel, it appears that Holland personally would not have the documents in any event. Such documents, to the extent they exist, would be located on CDCR electronic records.

However, this is not the case of a wholly separate third party. Holland is being represented in this case by Defense counsel. Defense counsel is employed by the Attorney General's office, who also has the CDCR as its client.[1] Moreover, in this case, Defense counsel

---

[1] https://oag.ca.gov/careers/descriptions/civillaw ("**Correctional Law Section** serves as litigation counsel for the Governor, the Department of Corrections and Rehabilitation (CDCR), the Division of

has generally investigated and gathered documents from the CDCR without its own third party subpoena.

To the extent the Court permits discovery requested in the subpoena, as discussed below, the Court will require Defense counsel, who is also counsel for Holland in this matter, to indicate whether she will insist on a third party subpoena to CDCR, or whether she will perform a search for such documents. If Defense counsel insists on the third party subpoena, the Court will issue such a subpoena.[2]

### B. Relevance of Documents

Defendants' main argument regarding relevance is that the only relevant acts are those done by Defendants themselves. Here, Defendants are alleged to have filed false charges against Plaintiff, accusing him of staff assault. They did not themselves make the decision regarding whether those false charges warranted keeping Plaintiff in administrative segregation.

The Court disagrees. Plaintiff's due process claim in part turns on whether he was deprived of a liberty interest solely as a result of the false accusations. The extent to which he was confined in administrative segregation and the conditions in segregation are very relevant to whether the false charges by Defendants violated Plaintiff's constitutional rights. This issue and the relevance of Plaintiff's allegations related to his confinement were discussed extensively in the Court's opinions in this case. (ECF No. 61, pgs. 14-16; ECF No. 76, pgs. 10-11). Indeed, Plaintiff's additional allegations in his amended complaint regarding the harm he suffered as a result of the false allegations made the difference between dismissing his claims and finding that he stated a cognizable due process claim. Thus, to the extent Plaintiff seeks documents linking administrative segregation or other conditions of confinement to the false

---

Juvenile Justice, the Board of Parole Hearings, the Department of Finance, and the Department of State Hospitals in civil actions brought by state prisoners regarding prison conditions.").

[2] If defense counsel insists on a third party subpoena to CDCR, the Court will expect that Defense counsel will treat the CDCR as a third party going forward including using a subpoena for documents and trial witnesses from the CDCR on Defendants' behalf. At the settlement conference, defense counsel will not speak on behalf of the CDCR. In short, Defense must treat the CDCR as a non-party for itself if it does for Plaintiff.

4

charges, those documents support the allegations made in his complaint and are sufficiently relevant to be discoverable.

However, Defendants' overbreadth objections are well taken. Plaintiff is only entitled to a reasonable search for documents "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discover in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

Accordingly, the Court holds that Plaintiff is entitled to a reasonable search for the following documents, covered by his subpoena:

- Documents regarding RVR log # FB-09-03-003, from March 29, 2011 through October 31, 2011.
- Documents reflecting communications between K. Holland and E. Stelter regarding retention, or release, of Plaintiff in Administrative Segregation during the period of March 29, 2011 through October 31, 2011.
- Photographs or videotapes sufficient to establish the approximate measurements and appearance of Administrative Segregation cells at CCI from March 29, 2011 to November 1, 2011.[3]

Again, the search need only be reasonable. Although the Court does not know the location of documents and ability to locate them to determine a reasonable search, it provides the following guidance: If documents are stored electronically and can be searched for key-words, searching for Plaintiff's name, CDCR number, and the RVR number, as well as the names of Holland and Stelter, during the relevant time period, would be a reasonable way to search for responsive documents.

The Court will grant the motion to quash as to operational procedures for placement in administrative segregation. Such documents have only tangential relevance here, and there are

---

[3] If none are available from that time period, then whatever photograph or video is the closest in time.

5

security concerns with providing such operational procedures to an inmate.

### C. **Official Information Privilege**

Warden Duffy also requests that the Court review the documents *in camera* before sending to Plaintiff based on the official information privilege. To the extent documents are located that truly fall within the privilege, the Court will review them *in camera*. But it does not appear likely that the limited communications described above would implicate such a privilege.

### III. **Conclusion and Order**

For the foregoing reasons, the Court orders as follows:

1. K. Holland's motion to quash is granted in part.
2. Within 5 days of the date of service of this order, counsel Annakarina De La Torre-Fennel, who serves as Defense counsel and counsel for Holland, shall submit a notice indicating whether she will insist on a third party subpoena to the CDCR. Following this communication, if necessary, the Court will issue a subpoena for the categories of documents described above.
3. If counsel De La Torre-Fennell agrees to arrange for production from the CDCR without a subpoena, she shall facilitate production of documents to Plaintiff, or to the Court for *in camera* review, within 45 days, of the following documents:
    A. Documents regarding RVR log # FB-09-03-003, from March 29, 2011 through October 31, 2011.
    B. Documents reflecting communications between K. Holland and E. Stelter regarding retention, or release, of Plaintiff in Administrative Segregation during the period of March 29, 2011 through October 31, 2011.

\\\
\\\

C. Photographs or videotapes sufficient to establish the approximate measurements and appearance of Administrative Segregation cells at CCI from March 29, 2011 to November 1, 2011.[4]

IT IS SO ORDERED.

Dated: __**May 3, 2018**__  /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE

---

[4] If none are available from that time period, then whatever photograph or video is the closest in time.