UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARD RANSOM, JR.,<br><br>   Plaintiff,<br><br>  v.<br><br>DANNY HERRERA and RICKY BRANNUM,<br><br>   Defendants. | Case No. 1:11-cv-01709-LJO-EPG (PC)<br><br>ORDER REGARDING S. KERNAN'S MOTION TO QUASH SUBPOENA, OR ALTERNATIVELY, ISSUE PROTECTIVE ORDER<br><br>(ECF NO. 122) |

  Leonard Ransom, Jr. ("Plaintiff"), is a state prisoner proceeding *pro se* in this civil rights action filed pursuant to 42 U.S.C. § 1983. This case is now proceeding "on Plaintiff's Second Amended Complaint (ECF No. 72), against defendants Brannum and Herrera on Plaintiff's Fourteenth Amendment procedural due process claim, Fourteenth Amendment substantive due process claim under <u>Devereaux</u>, retaliation claim, section 1983 malicious prosecution claim, and conspiracy claim." (ECF No. 77, p. 2). Plaintiff's complaint stems from the allegation that Defendants falsely accused Plaintiff of assaulting an officer, which resulted in a criminal case against Plaintiff and a rules violation report. Those claims were eventually dismissed over two years later. However, the false claims against Plaintiff resulted in substantial time in administrative segregation, a criminal case against Plaintiff, denial of

1

parole, and delay of the next opportunity for parole for ten years.

The present motion is non-party S. Kernan's motion to quash a subpoena by Plaintiff which asks for documents regarding Plaintiff's placement in administrative segregation and information regarding the psychological effects of solitary confinement. (ECF No. 122). The Court heard argument regarding this motion at the discovery and status conference on April 4, 2018. (ECF No. 132). Plaintiff filed an opposition to the motion to quash on April 16, 2018. (ECF No. 136). S. Kernan filed a reply on April 20, 2018. (ECF No. 143).

## I. The Parties' Positions

Plaintiff's subpoena seeks the following documents:

- "Specific e-mails, internal memoranda, notes, tarnscripts [sic], and statements of Scott Kernan regarding the effects of long, and short-term solitary confinement, made in interview with Oprah Winfrey, which aired on 10/22/17, on 60 Minutes;"

- Emails, memoranda, notes, policies, instructional directives, procedures, text messages from S. Kernan or his designee to any member of the Board of Parole Hearings regarding "the psychological effects of. . . solitary confinement, on those inmates appearing before the board,. . . during the tenure of Scott Kernan;"

- Emails, letters, internal memoranda, and text messages from K. Holland or E. Stelter to the Classification and Staff Representative regarding segregation or transfer of Plaintiff, from the period of March 29, 2011, through November 1, 2011.

(ECF No. 122-2, pgs. 4-5).

S. Kernan objects to the subpoena because (1) it was not signed by the clerk's office; (2) it seeks information not relevant to Plaintiff's claims; (3) it fails to provide an adequate time to respond; and (4) it requests documents that are privileged. (ECF No. 122).

## II. Analysis of Motion to Quash

### A. Lack of Clerk Signature

Kernan first objects that service was improper because the Clerk did not sign the subpoena.

Federal Rule of Civil Procedure 45(a)(3) states that "The clerk must issue a subpoena, signed but otherwise in blank, to a party who requests it. The party must complete it before service. An attorney also may issue a sign a subpoena if the attorney is authorized to practice

in the issuing Court." Here, the Clerk failed to sign the subpoena before sending to Plaintiff. S. Kernan asks for the subpoena to be quashed on that basis.

The Court will not quash the subpoena on this basis. The clerk or attorney's signature is a requirement that demonstrates the authenticity of the subpoena. Here, the subpoena is authentic. Indeed, the Court itself authorized issuance of the subpoena when it granted Plaintiff's motion and directed the clerk to issue the subpoena. (ECF No. 113). Defendants do not challenge its authenticity. Nor could they as they are aware that it was issued pursuant to this Court's order. The lack of a signature was clearly an oversight, and the record is clear that it was in fact issued by the Clerk's Office. It is also worth noting that the lack of a clerk's signature is not one of the bases to move to quash a subpoena under Rule 45(d)(3).

### B. Relevance of Requested Documents

S. Kernan next objects to the requests as not relevant because S. Kernan is not a Defendant and the requests are not targeted to the actions of Defendants. S. Kernan contends that Defendants had no role in Plaintiff's housing at any other institution.

Plaintiff argues in response that Plaintiff is seeking documents regarding the consequences of Defendants' conduct in filing their allegedly false allegations against Plaintiff. Specifically, Plaintiff seeks documents showing how long he was kept in administrative segregation as a result of those allegations, as well as the negative effects from long term confinement in administrative segregation or solitary confinement. Plaintiff claims that S. Kernan had the ultimate responsibility to retain or transfer Plaintiff out of Administrative Segregation.

After review of the arguments, the Court finds that the requested documents are relevant, but also that the requests are overbroad. Plaintiff is entitled to documents showing that he was put in Administrative Segregation as a result of Defendants' allegations and resulting rules violation report, and is also entitled to information from one of the heads of the CDCR regarding any negative effects from long term placement in Administrative Segregation. Plaintiff's due process claim in part turns on whether he was deprived of a liberty interest solely as a result of the false accusations. The duration in which he was confined in

3

administrative segregation and the conditions in that segregation are very relevant to whether Defendants' false charges violated Plaintiff's constitutional rights. This issue and the relevance of Plaintiff's allegations related to his confinement were discussed extensively in the Court's opinions in this case at ECF No. 61, pgs. 14-17, and ECF No. 76, pgs. 10-11. However, the requests must be narrowly tailored to this relevant information. Accordingly, the Court finds the following subset of Plaintiff's requests are sufficiently relevant to be discoverable under Federal Rule of Civil Procedure 26:

- Written reports or public statements authored in whole or in part by S. Kernan regarding the effects of long and short term Administrative Segregation or solitary confinement. This includes memoranda or transcripts regarding an interview with Oprah Winfrey on October 22, 2017.[1]
- Documents regarding segregation or transfer of Plaintiff from the period of March 29, 2011, through November 1, 2011.[2]

C. **Privilege Objection**

To the extent S. Kernan locates documents he believes to be privileged, he may submit the documents for *in camera* review with an explanation for the Court. Any non-privileged documents or portions of the documents shall be given to Plaintiff without awaiting the results of the Court's review of potentially privileged documents.

III. **Conclusion**

For the foregoing reasons, the Court orders as follows:

Within 45 days, S. Kernan shall conduct a reasonable search for documents in his

---

[1] As always, the subpoena only covers documents in S. Kernan's possession, custody, or control. He is under no obligation to seek documents from Ms. Winfrey. Additionally, the Court is not ordering a search for every possible communication on these subjects, such as comments made in email or text messages. However, to the extent S. Kernan has authored or contributed to a report providing a reasoned opinion on these topics, and that report can be located with a reasonable search, it shall be provided.

[2] Again, S. Kernan is only obligated to perform a reasonable search of documents in his possession, custody, or control. The Court cannot determine what a reasonable search involves without knowledge of how S. Kernan's documents are kept. However, it would appear that a search in S. Kernan's electronic files under this date range for Plaintiff's name, inmate number, and the relevant RVR number, in addition to a search of any segregated hard copy files associated with Plaintiff, if any, would be reasonable.

4

possession, custody, or control, and produce the following or submit them for *in camera* review:

- Written reports or public statements authored in whole or in part by S. Kernan regarding the effects of long and short term Administrative Segregation or solitary confinement. This includes memoranda or transcripts regarding an interview with Oprah Winfrey on October 22, 2017.
- Documents regarding segregation or transfer of Plaintiff from the period of March 29, 2011, through November 1, 2011.

IT IS SO ORDERED.

Dated: **May 14, 2018**

/s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE