UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARD RANSOM, JR., <br><br> Plaintiff, <br><br> v. <br><br> DANNY HERRERA and RICKY BRANNUM, <br><br> Defendants. | Case No. 1:11-cv-01709-LJO-EPG (PC) <br><br> ORDER DENYING DEFENDANTS' MOTION FOR SANCTIONS AND ADMONISHING PLAINTIFF FOR IMPROPER CONDUCT <br><br> (ECF NO. 160) |

Leonard Ransom, Jr. ("Plaintiff"), is a state prisoner proceeding *pro se* in this civil rights action filed pursuant to 42 U.S.C. § 1983. This case is now proceeding "on Plaintiff's Second Amended Complaint (ECF No. 72), against defendants Brannum and Herrera on Plaintiff's Fourteenth Amendment procedural due process claim, Fourteenth Amendment substantive due process claim under <u>Devereaux</u>, retaliation claim, section 1983 malicious prosecution claim, and conspiracy claim." (ECF No. 77, p. 2).

On May 22, 2018, Defendants Ricky Brannum and Danny Herrera filed a motion for sanctions. (ECF No. 160). Defendants argue that Plaintiff has used highly offensive language and exhibited angry and aggressive behavior that warrants sanctions, including terminating sanctions.

1

The Court held oral argument regarding this motion, among other matters, on June 13, 2018. (ECF No. 186). The Court discussed this motion with the parties at length and incorporates its reasoning as described on the record.

As discussed at that hearing, the Court has reviewed the deposition transcript and agrees with Defendants that Plaintiff's conduct crossed the line from aggressive argument to inappropriate and threatening conduct. For example, Plaintiff stated the following at his deposition:

- "You're [referring to defense counsel] a Mexican, you're trying to get all your people here. You're a Mexican. I'm not going to do that. You people are racist, you know that? That's the only reason why our people are getting shot in the back because of people like you. Go get your mother fucking people, shooting us blacks in the back, killing us because like dog and then people like you represent them." (Ransom Dep. 83, at 5-12).
- "Racist ass bitch, I don't care who the fuck you are, fuck you." (Ransom Dep. 84, at 19-20).

In his opposition, Plaintiff acknowledges that he went too far in using profane language, but claims that sanctions are unnecessary because he has apologized and because his anger stemmed from Defendants' repeated inappropriate questions and refusal to allow him to not answer, call the Court, or leave the deposition. (ECF No. 194).

As explained on the record, the Court understands that the litigation in this case has been contentious. The Court agrees with Plaintiff that some of Defendants' questions during the deposition were repetitive and argumentative, and appeared to suggest that Plaintiff had no evidence for his case. The Court also appreciates that Plaintiff repeatedly asked to talk to the Court to get a ruling on what questions were permissible, and that defense counsel declined to allow such a call without justification.[1] The Court can understand Plaintiff's frustration,

---

[1] While the Court may not have been available, the parties are always permitted to contact the Court to see if the Court can resolve a dispute during a deposition. The parties should avail themselves of this option if any issues arise going forward.

2

especially as he is representing himself and cannot determine which of Defense counsel's questions are proper or not.

That said, there is no excuse for profane and offensive language at a deposition or in any Court proceeding. It is beyond unprofessional. It is completely inappropriate and threatening. While defense counsel may have asked questions that were improperly argumentative and repetitive, defense counsel never said anything about Plaintiff's race in the litigation. Defense counsel did not call Plaintiff names or insult him personally. Defense counsel did not threaten Plaintiff. Defense counsel did not use profanity or foul language.

The Court appreciates that Plaintiff has now apologized for his conduct, both on the record at the hearing and in a notice (ECF No. 185). The Court now turns to whether sanctions should issue for Plaintiff's conduct.

"Federal Rule of Civil Procedure 37 authorizes the district court, in its discretion, to impose a wide range of sanctions when a party fails to comply with the rules of discovery or with court orders enforcing those rules." *Wyle v. R.J. Reynolds Indus., Inc.*, 709 F.2d 585, 589 (9th Cir. 1983). Rule 37 allows for terminating sanctions that dismiss a plaintiff's action where there has been willfulness, bad faith, or fault. Fed. R. Civ. P. 37(b)(2)(A)(v); *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007); *Fjelstad v. Am. Honda Motor Co.*, 762 F.2d 1334, 1337 (9th Cir. 1985). "Disobedient conduct not shown to be outside the control of the litigant is sufficient to demonstrate willfulness, bad faith, or fault." *Jorgensen v. Cassiday*, 320 F.3d 906, 912 (9th Cir. 2003) (citation and internal quotation marks omitted).

The Court takes Defendants' counsel's allegations very seriously and has admonished Plaintiff regarding his conduct. The Court has explained that it will consider further sanctions, potentially including terminating sanctions, if Plaintiff engages in such language or conduct in the future. It repeats that admonishment in this order. ***If Plaintiff uses profane or threatening language or conduct again in this litigation, the Court will sanction him and may dismiss his case.***

As to whether additional sanctions are appropriate at this time, the Court has considered

how other courts have handled similar situations and has found that courts generally admonish the parties at the first instance, and consider further sanctions, including terminating sanctions, if such conduct is repeated. *See, e.g.*, *Glas-Weld Systems, Inc. v. Boyle,* 2013 WL 4828965, at *1 (D. Or., Sept. 6, 2013, No. 6:12-CV-02273-AA) ("Given the exhibits attached to plaintiff's memorandum, in particular Exhibits 2, 3, 4 and 8, I find that an admonishment is warranted. Michael Boyle is advised, that profanity, threats, and taunts have no place in this case and that such behavior will not be tolerated. Michael Boyle shall conduct himself with professionalism and courtesy in all dealings with plaintiff and counsel; if he does not, I will consider imposing additional sanctions, monetary and otherwise."); *Scott v. Palmer,* 2014 WL 6685813, at *3 (E.D. Cal., Nov. 26, 2014, No. 1:09-CV-01329-LJO) ("[D]uring the course of counsel's attempt to depose Plaintiff, the record well reflects his uncooperativeness and unreasonableness, and at one point, he told counsel to 'shut the fuck up. . . .' The use of profanity toward counsel, or any other abusive conduct, is unacceptable and it is grounds for sanctions, including terminating sanctions. Plaintiff's pro se status will not shield him from the consequences of abusive behavior, and he is required to behave with civility."); *Block v. Snohomish County,* 2014 WL 6750475, at *10 (W.D. Wash., Dec. 1, 2014, No. C14-235RAJ) (footnote omitted) ("Ms. Block shall not use profanity or abusive invective in her oral or written communications with counsel. If the court finds that Ms. Block has used profanity or abusive language in communications with Defendants' counsel, the court will impose monetary sanctions."); *Prathaftakis v. Stiff,* 2008 WL 255386, at *2, (E.D. Cal., Jan. 29, 2008, No. 108CV0120AWIDLB), <u>report and recommendation adopted</u>, 2008 WL 364804 (E.D. Cal., Feb. 11, 2008, No. 108CV0120AWIDLB) ("Complaints using profane and vulgar language are inappropriate in a judicial forum. Plaintiff is forewarned that if he files another such pleading, he may face sanctions, including restraints on filing additional actions in this Court."); *Garcia v. Almieda.* 2006 WL 3001171, at *6 (E.D. Cal., Oct. 20, 2006, No. 1:03CV06658 OWWSMSP) ("Plaintiff is entitled to be treated respectfully and professionally by Mr. Collins and Mr. Collins is admonished to refrain from the use of foul language in the presence of plaintiff. If the court becomes aware of it happening again, the court will consider the

imposition of sanctions.").

The Court will not issue further sanctions at this time, but will consider issuing them if Plaintiff's conduct is repeated.

Furthermore, for the reasons stated on the record and in the Court's order dated August 7, 2018 (ECF No. 193), defense counsel may depose Plaintiff a second time, subject to the terms described in the prior order.

IT IS SO ORDERED.

Dated: **August 13, 2018**             /s/ Eric P. Grosjean
                                                                  UNITED STATES MAGISTRATE JUDGE