UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARD RANSOM, JR., | Case No. 1:11-cv-01709-LJO-EPG (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO REOPEN NON-EXPERT DISCOVERY AND MOTION FOR ISSUANCE OF SUBPOENAS |
| v. | |
| DANNY HERRERA and RICKY BRANNUM, | (ECF NOS. 192 & 195) |
| Defendants. | |

Leonard Ransom, Jr. ("Plaintiff"), is a state prisoner proceeding *pro se* in this civil rights action filed pursuant to 42 U.S.C. § 1983. This case is now proceeding "on Plaintiff's Second Amended Complaint (ECF No. 72), against defendants Brannum and Herrera on Plaintiff's Fourteenth Amendment procedural due process claim, Fourteenth Amendment substantive due process claim under Devereaux, retaliation claim, section 1983 malicious prosecution claim, and conspiracy claim." (ECF No. 77, p. 2). Those claims stem from the allegation that Defendants made false claims against Plaintiff, resulting in a rules violation report and criminal charges. Although the rules violation was not sustained and the charges were dropped, Plaintiff alleges, among other things, that he suffered significant loss of liberty as a result of the charges.

On August 6, 2018, Plaintiff filed a motion to reopen limited non-expert discovery. (ECF No. 192). On August 8, 2018, Plaintiff filed a motion for the issuance of subpoenas. (ECF No.

1

195).

Plaintiff requests documents regarding an investigation into criminal charges made before the false allegations. He claims that these documents could be relevant because Plaintiff plans to claim that he pled "no contest" to the first charges in part because of the second charges, which resulted from the allegedly false allegations. He also claims that Defendants have sought documents related to the first charges, which suggests that Defendants intend to use those charges against Plaintiff in this case.

Additionally, Plaintiff seeks documents related to the psychological effects of long and short term solitary confinement, and the damage resulting from long and short term solitary confinement.

The Federal Rules of Civil Procedure are to be "construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. "[A] district court 'has wide latitude in controlling discovery….'" *In re Anonymous Online Speakers*, 661 F.3d 1168, 1176 (9th Cir. 2011) (quoting *White v. City of San Diego*, 605 F.2d 455, 461 (9th Cir. 1979). A request to modify a discovery schedule requires a showing of good cause and the Court's consent. Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.").

"The decision to reopen discovery rests in the sound discretion of the court." *Perkins v. Contra Costa Cty. Sheriff's Dep't J-Team*, No. C 07-02013 CW, 2010 WL 539260, at *2 (N.D. Cal. Feb. 9, 2010). "Courts consider the following factors when deciding whether to reopen discovery: (1) whether trial is imminent; (2) whether the request is opposed; (3) whether the non-moving party would be prejudiced; (4) whether the moving party was diligent in obtaining discovery; (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court; and (6) the likelihood that the discovery will lead to relevant evidence." *Id.*

Considering the factors listed above, the Court declines to re-open discovery. This case has been pending for many years and further delay prejudices all parties. Plaintiff has been aware of this first criminal case and the interaction between the cases from the initial complaint but

chose not to pursue this discovery in the time period allowed.  Moreover, the first charges are not directly relevant to Plaintiff's case insofar as they did not result from the allegedly false allegations of defendants.  To the extent Plaintiff wishes to testify about his decision to plead no contest, he may do so without the requested discovery.  Fully exploring the merits of potential defenses to those charges goes beyond the scope of this case.

That said, the Court wishes to ensure that Plaintiff has the benefit of any discovery Defendants have sought on this issue.  Although the Court would expect Defendants to make such documents available without a Court order, in the abundance of caution, Defendants are hereby ORDERED to provide Plaintiff with copies of all documents received as a result of their third-party subpoena within fourteen days of this order if not already provided, or within fourteen days of receipt of the documents to the extent Defendants receive documents in the future.

As to Plaintiff's request for documents related to the psychological effects of, and damage resulting from, long and short term solitary confinement, Plaintiff has been aware of the relevance of these documents for some time.  On January 2, 2018, he requested the issuance of a subpoena for, among other things, documents related to the effects of, and damage resulting from, long and short term solitary confinement (ECF No. 94, p. 2)).  Plaintiff's request for the issuance of a subpoena for these documents was granted.  (ECF No. 95).  As Plaintiff was aware that these documents were relevant to his case long before the non-expert discovery deadline passed, the Court sees no reason to reopen discovery and grant Plaintiff the issuance of another subpoena so that he can continue his attempts to get documents related to this issue.  As mentioned above, this case has been pending for many years and further delay prejudices all parties.

The Court will address Plaintiff's request for specific photographs in relation to Plaintiff's pending motion for reconsideration (ECF No. 181).

Accordingly, based on the foregoing, IT IS ORDERED that:

1. Plaintiff's motion to reopen non-expert discovery is DENIED;
2. Plaintiff's motion for the issuance of a subpoena is DENIED; and
3. To the extent not already provided, Defendants have fourteen days from the date of service of this order to provide Plaintiff with all documents they received as a result

3

of their third-party subpoena that was issued on or about June 1, 2018.  To the extent that Defendants receive documents from third party subpoenas in the future, they have fourteen days from the date of receipt of the documents to provide Plaintiff with copies of the documents.

IT IS SO ORDERED.

Dated:  **August 15, 2018**  /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE