UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARD RANSOM, JR., <br><br> Plaintiff, <br><br> v. <br><br> DANNY HERRERA and RICKY BRANNUM, <br><br> Defendants. | Case No. 1:11-cv-01709-LJO-EPG (PC) <br><br> ORDER OVERRULING DEFENDANTS' OBJECTIONS TO THE MAGISTRATE JUDGE'S AUGUST 7, 2018 ORDER <br><br> (ECF NO. 200) |

Leonard Ransom, Jr. ("Plaintiff"), is a state prisoner proceeding *pro se* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

On August 20, 2018, Defendants filed an objection with this Court contesting a portion of the Magistrate Judge's order which had permitted Defendants to take a second deposition of Plaintiff. (ECF No. 200). Specifically, while the Magistrate Judge granted Defendants' motion for leave to depose Plaintiff a second time, the Magistrate Judge provided the limitation that "the deposition shall cover issues not already addressed in Plaintiff's prior deposition." (ECF No. 193, p. 2). In other words, Defendants claim that the Magistrate Judge committed legal error by not permitting Defendants to cover issues already addressed in Plaintiff's prior deposition.

This Court disagrees and will overrule Defendants' objection.

### I. PROCEDURAL BACKGROUND AND DEFENDANTS' OBJECTION

On August 6, 2018, Defendants filed their motion for leave to take Plaintiff's

1

deposition. (ECF No. 191). Defendants noted at the outset that "Defendant[s] must obtain leave of court to depose Plaintiff a second time." (ECF No. 191-1, at p. 2). Defendants requested leave of the Court for a second deposition on the ground that "Defendants have not had the opportunity to depose Plaintiff regarding all his claims…." (ECF No. 191-1, at p. 2).

Because the additional testimony could affect Defendants' need for expert witnesses and because Defendants may need to provide the additional testimony to their experts, Defendants also sought an extension of the expert disclosure deadline. (ECF No. 191-1, at p. 3).

The Magistrate Judge granted Defendants' motion in part. (ECF No. 193). The Magistrate Judge found good cause for a second deposition as well as for an extension of the expert disclosure deadline. (ECF No. 193). However the Magistrate Judge limited the second deposition as follows: "Defendants have until September 14, 2018 to depose Plaintiff. Defendants may depose Plaintiff for up to two hours. Defendants may only cover topics that were not covered in the first deposition." (ECF No. 193, at p. 2).

Defendants filed their objection to the order on August 20, 2018. (ECF No. 200). Defendants argue that the "Order is contrary to the plain language of the Federal Rules of Civil Procedure and risks prejudicing Defendants," and so "respectfully object to the Magistrate Judge's Order and request review of this Order by the District Court under Federal Rule of Civil Procedure 72(a)." (ECF No. 200, at p. 1).

## II.     LEGAL STANDARDS FOR OBJECTIONS TO A MAGISTRATE JUDGE'S ORDER

Pursuant to Federal Rule of Civil Procedure 72(a), when reviewing a magistrate judge's order, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." See also 28 U.S.C. § 636(b)(1)(A); Local Rule 303. Under the clearly erroneous standard of review, a district court may overturn a magistrate judge's ruling "'only if the district court is left with the definite and firm conviction that a mistake has been made.'" Computer Economics, Inc. v. Gartner Group, Inc., 50 F.Supp.2d 980, 983 (S.D.Cal.1999) (quoting Weeks v. Samsung Heavy Indus. Co.,

Ltd., 126 F.3d 926, 943 (7th Cir.1997)). Under the contrary to law standard, a district court may conduct independent review of purely legal determinations by a magistrate judge. Id.

### III. DISCUSSION

As Defendants concede, there is no automatic right to take a second deposition. According to the Federal Rules of Civil Procedure, a party must obtain leave of the court if "the deponent has already been deposed in the case." Fed. R. Civ. P. 30(a)(2)(A)(ii). Whether to permit a second deposition lies in the court's discretion. Dixon v. Certainteed Corp., 164 F.R.D. 685, 690 (D. Kan. 1996); City of Rialto v. Dep't of Def., No. 04-00079-PSG (SSX), 2008 WL 11343315, at *3 (C.D. Cal. Mar. 18, 2008) ("Once a deposition has been concluded, a party is required to obtain leave of Court before noticing the deposition of a witness who has previously been examined in the same litigation. Fed. R. Civ. Proc. 30 (a)(2)(B). In those instances where leave of Court is required the granting or denial of discovery requests is left to the discretion of the trial court."); Bookhamer v. Sunbeam Prod. Inc., No. C 09-6027 EMC DMR, 2012 WL 5188302, at *2 (N.D. Cal. Oct. 19, 2012) ("Whether to re-open a deposition lies within the court's discretion.").

Without a showing of need or good reason, courts generally will not require a deponent's reopened deposition. Dixon, 164 F.R.D. at 690. Reopened depositions are disfavored, except in certain circumstances, such as, long passage of time with new evidence or new theories added to the complaint. Graebner v. James River Corp., 130 F.R.D. 440, 441 (N.D. Cal. 1990).

Additionally, the Federal Rules of Civil Procedure require a court to limit discovery if "the discovery sought is unreasonably cumulative or duplicative." Fed. R. Civ. P. 26(b)(2)(C)(i). This is a factor in determining whether to allow a second deposition. City of Rialto, 2008 WL 11343315, at *3 ("In exercising its discretion whether to grant a second deposition the Court should consider the limiting factors stated in Rule 26 (b)(2): (1) whether the discovery is cumulative or duplicative or is readily obtainable from another more convenient source; (2) whether the party seeking the discovery has had ample opportunity to obtain the information; and/or (3) whether the burden or the additional expense outweigh the

benefit sought."); Bookhamer, 2012 WL 5188302, at *2 (alteration in original) ("The court will not find good need if it determines that one of the following factors applies: (i) the discovery [second deposition] sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive….").

In light of these settled legal principles, the Magistrate Judge did not commit legal error in ordering that the second deposition be limited to two hours and not cover issues already addressed in Plaintiff's prior deposition. That decision was left soundly within her discretion. It also appears she correctly exercised that discretion through the limitation imposed so that the second deposition would not be cumulative or duplicative of the first deposition.

In fact, this Court finds Defendants' objection to be frivolous. Whether to allow a second deposition at all is clearly within the discretion of the Court. It is clearly not legal error to limit that second deposition to matters that have not already been covered. In fact, not only is there no legal right to question a witness on ground already covered, a judge *must* limit discovery to the extent it is "unreasonably cumulative or duplicative."

The Court also notes that Defendants have not established any good cause to reopen any specific topic that has already covered. In neither Defendants' initial motion or their objections to this Court did Defendants identify an earlier question that was insufficiently answered or required additional questioning. Defendants have not brought a motion to compel any answer to a question already posed. On the contrary, Defendants' underlying motion requested leave to take a deposition precisely because they had not had the opportunity to question Plaintiff yet on certain claims. Rather than request leave to inquire about a specific topic already covered, Defendants assert it is their legal right to tread over the same ground so long as a deposition does not pass the seven-hour limit. This is incorrect, and indeed counter to the rules that expressly limit cumulative and duplicative discovery.

///
///
///
///

## IV. CONCLUSION

For the foregoing reasons, the Magistrate Judge's August 7, 2018 order (ECF No. 193) order is not clearly erroneous or contrary to law, and Defendants' objections (ECF No. 200) are OVERRULED.

IT IS SO ORDERED.

Dated: __**August 21, 2018**__     _____/s/ Lawrence J. O'Neill_____
                                   UNITED STATES CHIEF DISTRICT JUDGE