UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARD RANSOM, JR.,<br><br>    Plaintiff,<br><br>    v.<br><br>DANNY HERRERA and RICKY BRANNUM,<br><br>    Defendants. | Case No. 1:11-cv-01709-LJO-EPG (PC)<br><br>ORDER OVERRULING DEFENDANTS' OBJECTIONS TO THE COURT'S JUNE 14, 2018 ORDER FOLLOWING SECOND DISCOVERY CONFERENCE<br><br>(ECF NO. 188) |

Leonard Ransom, Jr. ("Plaintiff"), is a state prisoner proceeding *pro se* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

On July 19, 2018, Defendants filed objections to the magistrate judge's order denying certain of Defendants' motions to compel. (ECF No. 188). The requests at issue all ask Plaintiff to list all facts, documents, and/or witnesses that support individual claims. Defendants do not claim that Plaintiff is hiding any piece of evidence or the names of any witnesses. This dispute concerns the extent that a party should be compelled to list which specific pieces of evidence support which specific claims.

The Court has reviewed the magistrate judge's reasons for denying Defendants' motions and overrules Defendants' objections.

I.   **PROCEDURAL BACKGROUND**

Plaintiff's claims stem from the allegation that correctional officer defendants falsified charges against him, by falsely claiming that Plaintiff had assaulted them. Based on these allegedly false charges, Plaintiff was subject to criminal charges and a rules violation report.

1

All charges were eventually dismissed, but Plaintiff claims that he was subjected to isolation and other punitive measures, in addition to criminal proceedings, as a result of the false charges.

The scope of this case has gone through significant litigation over several years. Magistrate Judge Gary S. Austin initially screened the complaint on August 12, 2014, finding cognizable claims for conspiracy and violation of due process, and giving Plaintiff leave to amend the complaint. (ECF No. 9). After Plaintiff requested clarification of the screening order (ECF No. 12), Judge Austin ordered the case to proceed on certain claims, including conspiracy and violation of due process. (ECF No. 16). With permission, Plaintiff filed an amended complaint on January 23, 2015 (ECF No. 24). That complaint was screened by Magistrate Judge Erica P. Grosjean on February 16, 2016, and Judge Grosjean ordered the case to proceed on the same claims as Judge Austin did. (ECF No. 27).

Defendants then filed motions to dismiss on the basis that Plaintiff could not state a conspiracy claim against defendants Herrera or Brannum because he did not suffer a constitutional deprivation and that Castro should be dismissed because Plaintiff cannot state a due process claim. (ECF No. 32-1, p. 2; ECF No. 38-1, pgs. 1-2). After many extensions of time and various related pleadings, Judge Grosjean recommended that Defendants' motions to dismiss be granted, but with leave to amend. (ECF No. 61). That 22-page order reviewed the law regarding false charges, and explained under what circumstances such false charges give rise to constitutional violations. Suffice it to say that the law in this area is not simple. This Court adopted those findings and recommendations (over Defendants' objections), granting the motions to dismiss with leave to amend. (ECF No. 69).

Plaintiff filed the second amended complaint on May 15, 2017. (ECF No. 72). The magistrate judge screened the complaint and issued findings and recommendations (ECF No. 76), which were adopted by this Court on August 2, 2017 (ECF No. 77). As held in that order: "This action now proceeds on Plaintiff's Second Amended Complaint (ECF No. 72), against defendants Brannum and Herrera on Plaintiff's Fourteenth Amendment procedural due process claim, Fourteenth Amendment substantive due process claim under <u>Devereaux</u>, retaliation claim,

2

section 1983 malicious prosecution claim, and conspiracy claim. (ECF No. 77, p. 2)

The case then proceeded, including discovery. In April 2018, Defendants filed a number of motions to compel, which are the subject of the current objections. Defendant Herrera filed a motion to compel further responses to his First Set of Interrogatories. (ECF No. 146). Defendant Brannum filed a motion to compel further responses to his First Set of Interrogatories. (ECF No. 159). Defendants filed a motion to compel further responses to their First Set of Requests for Production of Documents. (ECF No. 158). Defendants also filed a motion to determine the sufficiency of Plaintiff's responses to Defendant Brannum's requests for admissions. (ECF No. 147). As described below and in Defendants' objections, all of the underlying requests ask for Plaintiff to identify which evidence and witnesses relate to which claims or defendants.

According to Defendants' objections,[1] it appears they are contesting the magistrate judge's ruling on the following discovery requests:

- Defendant Herrera's Interrogatory No. 1 asks Plaintiff to state all facts supporting his claim that Defendant Herrera violated Plaintiff's constitutional rights as Plaintiff alleges within his Second Amended Complaint. (ECF No. 146, Ex. B at Request No. 1.)

- Defendant Herrera's Interrogatory No. 3 asks Plaintiff to state all facts supporting his claim that Defendant Herrera retaliated against Plaintiff for exercising his Fifth Amended right to remain silent as alleged within his Second Amended Complaint. (ECF No. 146, Ex. B and Request No. 3.)

- Defendant Herrera's Interrogatory No. 4 asks Plaintiff to identify each and every person by name and addresses who Plaintiff contends have knowledge of any fact supporting his allegation that Defendant Herrera had retaliated against him as alleged within his Second Amended Complaint. (ECF No. 146, Ex. B and Request No. 4.)

- Defendant Herrera's Interrogatory No. 5 asks Plaintiff to state all facts supporting his claim that Defendants conspired to violate Plaintiff's constitutional rights as alleged within his Second Amended Complaint. (ECF No. 146, Ex. B at No. 5.)

- Defendant Herrera's Interrogatory No. 8 asks Plaintiff to state all facts supporting his claim for malicious prosecution against Defendant Herrera. (ECF No. 146, Ex. B at No. 8.)

---

[1] Due to the volume of discovery requests and motions, the Court found it difficult to recreate the various requests and so has taken these directly from Defendants' objections.

- Defendant Herrera's Interrogatory No. 11 asks Plaintiff to state all facts in support of Plaintiff's contention that he is entitled to compensatory damages as he has alleged in his Second Amended Complaint. (ECF No. 146, Ex. B Request No. 11.)

- Defendant Herrera's Interrogatory No. 12 asks Plaintiff to state all facts in support of Plaintiff's contention that he is entitled to punitive damages as he has alleged in his Second Amended Complaint. (ECF No. 146, Ex. B Request No. 12.)

- Defendant Brannum's Interrogatory No. 1 asks Plaintiff to state all facts supporting his claim that Defendant Brannum violated Plaintiff's constitutional rights as Plaintiff alleges within his Second Amended Complaint. (ECF No. 159, Ex. C at Request No. 1.)

- Defendant Brannum's Interrogatory No. 3 asks Plaintiff to state all facts supporting his claim that Defendant Brannum retaliated against Plaintiff for exercising his Fifth Amendment right to remain silent as alleged within his Second Amended Complaint. (Decl. De La Torre-Fennell, Ex. A at No. 3.)

- Defendant Brannum's Interrogatory No. 4 asks Plaintiff to identify each and every person by name and addresses who Plaintiff contends have knowledge of any fact supporting his allegation that Defendant Brannum had retaliated against him as alleged within his Second Amended Complaint. (Decl. De La Torre-Fennell, Ex. A at No. 5.)

- Defendant Brannum's Interrogatory No. 5 asks Plaintiff to state all facts supporting his claim for malicious prosecution against Defendants as alleged within his Second Amended Complaint. (Decl. De La Torre-Fennell, Ex. A. at No. 5.)

- Defendant Brannum's Interrogatory No. 6 asks Plaintiff to state all facts supporting his claim that Defendant Brannum fabricated evidence against Plaintiff as alleged within the Second Amended Complaint. (Decl. De La Torre-Fennell, Ex. A. at No. 6.)

- Defendant Brannum's Interrogatory No. 7 asks Plaintiff to identify all persons by name and address who Plaintiff contends support his claim that Defendant Brannum fabricated evidence against Plaintiff as alleged within the Second Amended Complaint. (Decl. De La Torre-Fennell, Ex. A. at No. 7.)

- Defendant Brannum's Interrogatory No. 9 asks Plaintiff to identify all facts supporting his response to Defendant Brannum's Request for Admission No. 1 if his response was anything other than an unqualified admission. (Decl. De La Torre-Fennell, Ex. A. at No. 9.) Defendant Brannum Request for Admission No. 1 requested that Plaintiff admit Plaintiff grabbed Defendant Herrera through the food port door on March 4, 2009. (De La Torre-Fennell Decl. Ex. B, No. 1.)

- Defendant Brannum's Interrogatory No. 10 asks Plaintiff to identify all facts supporting his response to Defendant Brannum's Request for Admission No. 2 if his response was anything other than an unqualified admission. (Decl. De La Torre-Fennell, Ex. A. at No. 10.) Defendant Brannum's Request for Admission No. 2 requested that Plaintiff admit

4

that Plaintiff's criminal case based on the events of March 4, 2009, was dismissed in the interest of justice after Plaintiff entered a nolo contendere plea in Kern County Case No. DF008802. (De La Torre-Fennell Decl. Ex. A, No. 2.)

- Defendant Brannum's Interrogatory No. 11 asks Plaintiff to identify all facts supporting his response to Defendant Brannum's Request for Admission No. 3 if his response was anything other than an unqualified admission. (Decl. De La Torre-Fennell, Ex. A. at No. 11.) Defendant Brannum's Request for Admission No. 3 requested that Plaintiff admit Defendants did not fabricate evidence against Plaintiff. (Decl. De La Torre-Fennell, Ex. B. at No. 3.)

Defendants also claim that the Court erred in denying various requests for production made in the motions to compel, but their objections do not list the requests by number or quote them. Defendants summarize their position as "Plaintiff has not clearly identified which documents he believes are responsive to each request as required under the Federal Rules of Civil Procedure." (ECF No. 188, p. 21).

The magistrate judge held a lengthy hearing on these motions to compel and other matters on June 13, 2018. The discovery requests were discussed extensively and Judge Grosjean issued rulings on the record. The following are relevant excerpts of that hearing, including the magistrate judge's rulings on the issues addressed in Defendants' objections:

> THE COURT: . . . I will go to the -- each of the motions, but my reading of this, as far as documents, is that Mr. Ransom has produced all the documents he has related to this case, and nothing that I have seen in the motions to compel or his answers is suggesting to me that he is withholding any document. I want you to hear that, of course, defense counsel, because it's relevant to your motions to compel, but also Mr. Ransom, because of course if that is incorrect, you need to provide documents. So --
>
> MR. RANSOM: I understand, your Honor.
>
> . . .
>
> THE COURT: . . . Are you withholding any information, facts –
>
> MR. RANSOM: I am not, your Honor.
>
> THE COURT: -- documents?
>
> MR. RANSOM: I am not. I'm clear I'm not. I have -- I've given them everything that they've asked for. I don't know if I've given it to them in the way they want

5

me to give it to them, but I've given everything that I have. And just like you couldn't understand the questions that they were asking, I can't. I'm a layman. I have no legal training.

. . .

THE COURT: I'm going to deny defendant Herrera's motion to compel responses to defendant Herrera's interrogatory requests which was document 146. Based on my review, I find that plaintiff is not withholding information that I think is properly requested. And I think to the extent that the interrogatories are in the form of argument regarding listing again evidence that support claims, I don't think that that is a proper interrogatory.

And I -- and for example, so that the record is clear, these interrogatories generally are in the form of, for example, defendant Herrera's interrogatory number 1 asks plaintiff to state all facts supporting his claim that defendant Herrera violated plaintiff's constitutional rights. And I also find that the responses, that the responses, to the extent that there was proper form, did respond. It did refer to information in the second amended complaint, which is quite extensive, and I find that there's not information that needs to be withheld.

I also think to the extent that it is list every document in a form that you would do at trial, it's premature. We're in discovery, and he gets to put together his actual case and witness list as it comes about.

One other note, you know, certainly if defendants move for summary judgment and say that there is not information, you know, plaintiff, you are going to then have to put every – all the information and evidence that you think supports that claim. And, you know, me and a finding of recommendation but ultimately Judge O'Neill will have to decide if there is sufficient evidence to allow the claim to go to a jury. So that's another time that this might happen, but I think that the information that was given by Mr. Ransom in these interrogatories is sufficient at this time. So that motion is denied.

. . .

THE COURT: Mr. Ransom, are you withholding any facts or information that you -- that would be responsive to these requests? Meaning you have some other information, something that happened, something that you saw, some document that you haven't given to -- to defendants that would be responsive to their questions?

MR. RANSOM: I do not. I am not, your Honor.

. . .

| | |
|---|---|
| 1 | THE COURT: Okay. Then I am going to deny defendant Brannum's first Motion to Compel Responses to Defendant Brannum's First Set of Interrogatory Requests, which is document 159, largely for the same reasons as I mentioned in defendant Herrera. Again, that I don't find any facts or information are being withheld, rather these interrogatories are in terms of argument regarding lining up and listing every piece of evidence that might relate to a single claim. |

THE COURT: Okay. Then I am going to deny defendant Brannum's first Motion to Compel Responses to Defendant Brannum's First Set of Interrogatory Requests, which is document 159, largely for the same reasons as I mentioned in defendant Herrera. Again, that I don't find any facts or information are being withheld, rather these interrogatories are in terms of argument regarding lining up and listing every piece of evidence that might relate to a single claim.

I appreciate Ms. De La Torre-Fennell saying that whereas the one that was mentioned for defendant Herrera was basically all facts in support of your claim, this one, the interrogatories are more targeted to specific parts of the claim. But those are still in terms of argument about lining up evidence already given and which way it has to do with certain claims. And I don't think that that type of argument is proper for interrogatories.

This is also informed by -- these are interrelated claims, and I'll say they're not easy. This -- the background of this case, as you all know, is this went through several amended complaints, several screening orders, a motion to dismiss that when -- that I had findings and recommendations that went to Judge O'Neill, another -- another amended complaint, a screening order that did go to Judge O'Neill, and then Judge O'Neill has ultimately found that the way that those claims -- that the facts did support if true certain claims.

They are not easy, and I think asking for, especially in this case, asking for plaintiff to have to divide up which of the pieces of evidence have to do, for example, with a malicious prosecution claim versus a due process claim, these are legal issues that obviously if we go to trial he's going to have to do. But in terms of an interrogatory, it really is in the form of asking for legal argument, and that's why in this specific instance I'll deny the motion.

I say that because, to the extent that you've represented, these are standard questions, I'm not holding that these will always be improper questions. Sometimes it isn't clear from the face of the complaint what is happening at all, and so I understand why your office might serve these. But in context of this case and all that has happened and all of the briefing and the second amended complaint, I think that these are improper in this case, and -- or put another way, that plaintiff's responses are adequate, and so I'm going to deny the motion to compel on that basis.

. . .

The next motion before me is Defendants' Motion to Compel Further Responses to Defendants' First Set of Requests for Production of Documents. Let me give you my take on this. I do think, as I stated earlier, that most of these requests are not truly requests for production, meaning they're not asking to produce all documents, and it's my understanding that all documents have been produced. Rather, the issue is that the request for production asks for plaintiff to state

7

> which documents do or do not relate to certain claims. That's not proper for a request for production in any event. That would be to the extent it is acceptable in an interrogatory.
>
> Also I find not only that Mr. Ransom has produced documents, he actually has attempted to comply with defendants' requests and listed a number of documents. The only issue in my mind is that defendants would like plaintiff to say "and that's all the evidence that I have." And plaintiff isn't doing that. I think that's okay for the reasons I stated before. We're still in discovery. He doesn't need to close off what evidence that he's going to bring, as long as he's not withholding any. He may have to do so in opposition to summary judgment. He may have to do so at trial, but he doesn't necessarily have to say every piece of evidence that supports every piece of claim at this time.

(ECF No. 186).

Regarding Request for Admission Number 2, the Court asked clarifying questions on the record regarding Mr. Ransom's response and also set forth a procedure for obtaining additional information. (ECF No. 186, pgs. 31-35) ("”THE COURT: Okay. Okay. I understand. So you took a nolo contendere plea in Kern County court case DF8802. And after that, the criminal case, a different criminal case that was based on the events of March 4, 2009, was dismissed in the interest of justice; is that true? MR. RANSOM: Yes.").

## II. LEGAL STANDARDS

Pursuant to Federal Rule of Civil Procedure 72(a), when reviewing a magistrate judge's order, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." See also 28 U.S.C. § 636(b)(1)(A); Local Rule 303. Under the clearly erroneous standard of review, a district court may overturn a magistrate judge's ruling "'only if the district court is left with the definite and firm conviction that a mistake has been made.'" Computer Economics, Inc. v. Gartner Group, Inc., 50 F.Supp.2d 980, 983 (S.D.Cal.1999) (quoting Weeks v. Samsung Heavy Indus. Co., Ltd., 126 F.3d 926, 943 (7th Cir.1997)). Under the contrary to law standard, a district court may conduct independent review of purely legal determinations by a magistrate judge. Id.

"Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at

stake in the case, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

"Broad discretion is vested in the trial court to permit or deny discovery, and its decision to deny discovery will not be disturbed except upon the clearest showing that denial of discovery results in actual and substantial prejudice to the complaining litigant." Sablan v. Dep't of Fin. of Com. of N. Mariana Islands, 856 F.2d 1317, 1321 (9th Cir. 1988) (citation and internal quotation marks omitted); Hallett v. Morgan 296 F.3d 732, 751 (9th Cir. 2002). "On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i).

The Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

### III. DISCUSSION

With these legal principles in mind, this Court finds that the magistrate judge's decisions were not contrary to law or clearly erroneous.

As an initial matter, there are more than 15 separate requests asking Plaintiff to state which facts and evidence support which claims. The sheer number of requests suggests at the outset that Defendants have not been mindful of pursuing discovery in a way that secures the just, speedy, and inexpensive determination in every proceeding, and in avoiding burdensome and cumulative discovery.

Moreover, the magistrate judge confirmed that Plaintiff was not withholding any documents or facts from Defendants. This is not a case where the magistrate judge is allowing a Plaintiff to withhold information relevant to the lawsuit.

The issue, as the magistrate judge discussed extensively on the record, is to what extent

9

Plaintiff should be compelled to state which pieces of evidence support which legal claims. While phrased in a factual way, the information sought was more akin to a legal argument. In other words, Defendants already have all of the underlying facts and documents, but wish Plaintiff to take a legal position regarding which pieces of evidence correspond to which claim. It is within the magistrate judge's discretion to decline to compel Plaintiff to take such legal positions. See, e.g., U.S. ex rel. Englund v. Los Angeles County; 235 F.R.D. 675, 683 (E.D. Cal. 2006) (denying motion to compel as to an interrogatory because "[t]he court finds defendant's objection that the interrogatory requires defendant to provide a legal interpretation of the word 'purpose' is well-taken and appears to be the main issue in dispute in this action"); People of State of Cal. v. The Jules Fribourg, 19 F.R.D. 432, 436 (N.D. Cal. 1955) ("Although the cases do not entirely agree on what matters are 'facts' and thus proper subjects of requests for admission, and what matters are 'conclusion and opinion' and therefore improper, there is general agreement that requests for admission are not to be treated as substitutes for discovery processes to uncover evidence, and that they may not be applied to controverted legal issues lying at the heart of the case.").

The burden involved in responding to such questions, especially by an unrepresented confined individual, is especially high in the context of this case. As the magistrate judge discussed, although the facts of this case appear relatively straightforward, i.e., allegedly false allegations leading to a criminal charge and associated consequences, the law is anything but. There were multiple orders in the screening/motion to dismiss stage of the case, over multiple years, before the current claims were allowed to proceed. Those claims -- a Fourteenth Amendment procedural due process claim, a Fourteenth Amendment substantive due process claim under Devereaux, a retaliation claim, a section 1983 malicious prosecution claim, and a conspiracy claim -- involve complicated questions of constitutional law informed by case law. Asking a Plaintiff to state which facts support which of these legal claims involves legal questions that go beyond the bounds of ordinary discovery.

It also appears that Defendants have other mechanisms to obtain the information they seek. In this case, the magistrate judge ordered initial disclosures by all parties. (ECF No. 79).

Defendants have also taken the deposition of Plaintiff, and will depose him again shortly (ECF No. 193). And, again, Defendants have the benefit of lengthy briefing regarding which allegations give rise to which potential claims.

In light of the volume of the requests, the parties' relative access to the information, the parties' resources, the burden of responding, and the legal nature underlying the requests, the magistrate judge's decisions denying Defendants' motions to compel were not contrary to law or clearly erroneous.

Finally, the magistrate judge adequately addressed the interrogatory related to Plaintiff's response to Request for Admission number 2 by having Plaintiff clarify his response on the record.

### IV. CONCLUSION AND ORDER

For the foregoing reasons, the magistrate judge's discovery orders issued June 14, 2018 (ECF No. 173), are not clearly erroneous or contrary to law, and Defendants' objections (ECF No. 188) are OVERRULED.

IT IS SO ORDERED.

Dated:   **August 23, 2018**          /s/ Lawrence J. O'Neill
                                        UNITED STATES CHIEF DISTRICT JUDGE