# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARD RANSOM, JR., <br><br> Plaintiff, <br><br> v. <br><br> DANNY HERRERA and RICKY BRANNUM, <br><br> Defendants. | Case No. 1:11-cv-01709-LJO-EPG (PC) <br><br> ORDER ON PLAINTIFF'S MOTION FOR APPOINTMENT OF PRO BONO COUNSEL AND REQUEST FOR JUDICIAL NOTICE <br><br> (ECF NOS. 205 & 206) |

Leonard Ransom, Jr. ("Plaintiff"), is a state prisoner proceeding *pro se* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

On September 10, 2018, Plaintiff filed a motion for appointment of pro bono counsel. (ECF No. 205). Plaintiff asks for appointment of counsel because Plaintiff cannot afford to retain counsel, because the litigation has become very contentious, because the claims in this case are complex, because Defendants have been filing motions to protract the proceedings, and because appointment of counsel would facilitate a just, speedy, and inexpensive determination of this litigation.

On that same day, Plaintiff filed a request for judicial notice. (ECF No. 206). Plaintiff's request for judicial notice does not appear to be related to his motion for appointment of pro bono counsel.

1

Plaintiff does not have a constitutional right to appointed counsel in this action, <u>Rand v. Rowland</u>, 113 F.3d 1520, 1525 (9th Cir. 1997), <u>withdrawn in part on other grounds,</u> 154 F.3d 952 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). <u>Mallard v. United States District Court for the Southern District of Iowa</u>, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). <u>Rand</u>, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." <u>Id.</u> (internal quotation marks and citation omitted).

The Court will not order appointment of pro bono counsel at this time. The Court has reviewed the record in this case, and at this time the Court is unable to make a determination that Plaintiff is likely to succeed on the merits of his claims. Moreover, it appears that Plaintiff can adequately articulate his claims.

Plaintiff is advised that he is not precluded from renewing his motion for appointment of pro bono counsel at a later stage of the proceedings.

As to Plaintiff's request for judicial notice, because it does not appear to be related to Plaintiff's motion for appointment of pro bono counsel, the Court will not rule on it at this time. Defendants may oppose the request, and the Court will rule on it in due course.

For the foregoing reasons, IT IS ORDERED that Plaintiff's motion for appointment of pro bono counsel is DENIED without prejudice.

IT IS SO ORDERED.

Dated: **September 12, 2018**  /s/ Erin P. Gross
UNITED STATES MAGISTRATE JUDGE