UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARD RANSOM, JR., <br><br> Plaintiff, <br><br> v. <br><br> DANNY HERRERA and RICKY BRANNUM, <br><br> Defendants. | Case No. 1:11-cv-01709-LJO-EPG (PC) <br><br> ORDER DENYING PLAINTIFF'S MOTIONS FOR A COURT-APPOINTED EXPERT WITNESS <br><br> (ECF NOS. 189 & 190) |

**I.   BACKGROUND**

Leonard Ransom, Jr. ("Plaintiff"), is a state prisoner proceeding *pro se* in this civil rights action filed pursuant to 42 U.S.C. § 1983. This action is now proceeding "on Plaintiff's Second Amended Complaint (ECF No. 72), against defendants Brannum and Herrera on Plaintiff's Fourteenth Amendment procedural due process claim, Fourteenth Amendment substantive due process claim under Devereaux, retaliation claim, section 1983 malicious prosecution claim, and conspiracy claim." (ECF No. 77, p. 2).

On July 30, 2018, Plaintiff filed a motion for a Court-appointed expert specializing in the field of corrections practices and procedures (ECF No. 189), and a motion for a Court-appointed expert specializing in the field of clinical psychology (ECF No. 190). Defendants filed their opposition to the motions on October 22, 2018. (ECF No. 213). Plaintiff's motions are now before the Court.

## II. APPOINTMENT OF EXPERT WITNESSES

1. <u>Plaintiff's Motion for Expert Specializing in Corrections Practices and Procedures</u>[1]

Pursuant to Federal Rule of Evidence 706(a), Plaintiff requests a Court-appointed expert specializing in the field of corrections practices and procedures. (ECF No. 189, p. 1).

Plaintiff argues that, in order to establish a due process violation, he must establish, through expert testimony, what correctional officers similarly situated to Defendants would have been required to do under relevant California Department of Corrections and Rehabilitation ("CDCR") regulations. (<u>Id.</u> at 3). Additionally, Plaintiff argues that it is his responsibly to establish that his placement in administrative segregation was the natural and proximate consequence of Defendants filing a false Rules Violation Report ("RVR") and false criminal charges against Plaintiff. (<u>Id.</u>).

Thus, Plaintiff needs "the Court to issue an order for an appointment of Court-Appointed Expert, pursuant to Rule 706(a) of the Federal Rules of Evidence, to review [his] prison Central File and evaluate the documentation entered from the period of March 4, 2009 through February 2012, and identify the various CDCR 128 Chronos, and determine compliance with the requirements of policies and procedures regarding the issues before the Court, and to provide the Court with a report of the findings, and provide expert testimony, at trial, with respect to these issues." (ECF No. 189, p. 4).

Plaintiff also needs "the expert to give testimony, before the jury, outlining the specific meaning of the **MEMORANDUM**, dated March 18, 2009, entitled UTILIZATION AND MANAGEMENT OF ADMINISTRATIVE SEGREGATION BEDS…, which formed the basis for [his] release from administrative segregation, on June 10, 2010, as outlined in the CDCR 128G dated May 19, 2018 (Ex. 'C'), and the CDC 128-G, Dated June 3, 2010 (Ex. 'D')." (ECF No. 189, p. 4).

Finally, Plaintiff needs "an expert appointed, in the field of correctional operations and procedures and practices, to demonstrate that [his] solitary confinement, from March 29, 2011

---

[1] In the motion, Plaintiff states that he has not yet received mental health records or his central file. (ECF No. 189, p. 5). If Plaintiff still has not received those records, he should file a separate motion related to that issue.

through November 1, 2011, allegedly as a result of the pending RVR's, which KVSP staff were responsible for adjudicating, was a consequence of the Defendant's conduct, and the delay used to obscure the connection to the Defendant's." (Id.).

Plaintiff states that he is "in need of an expeditious appointment of a Court-Appointed Expert to assist in preparation of [his] case, to resolution." (Id. at 5).

2. Plaintiff's Motion for Expert Specializing in Clinical Psychology

Pursuant to Federal Rule of Evidence 706(a), Plaintiff requests a Court-appointed expert specializing in the field of clinical psychology. (ECF No. 190, p. 1). Plaintiff needs "the Court to issue an order for an appointment of a Court-appointed Expert, pursuant to Rule 706(a) of the Federal Rules of Evidence, to review [his] mental health records, and evaluate any mental deficiencies identified, with respect to decompensation of [his] mental health, during the period of March 29, 2011 through October 31, 2011, and to provide the Court with a report of the findings, and provide expert testimony at trial." (ECF No. 190, p. 4). Plaintiff wants to use this testimony (along with other evidence) to establish "that short and long term solitary confinement has damaging effects on inmates confined in solitary confinement." (Id. at 3).

Plaintiff states that he is in immediate need of a Court-appointed expert "to assist in preparation of [his] case to resolution." (Id. at 4).

Finally, Plaintiff argues that he needs an expert appointed because he has not yet received his mental health records, and he has no idea where they are. (Id.).

3. Defendants' Opposition

Defendants argue that "Plaintiff is requesting that experts be appointed who can advocate his side of the case, not provide neutral opinions to the court." (ECF No. 213, p. 2). As Rule 706 only allows appointment of experts to assist the Court, Plaintiff's motions should be denied. (Id. at 2-3).

4. Legal Standards

The Court has the discretion to appoint an expert pursuant to Rule 706(a) of the Federal Rules of Evidence. See Walker v. American Home Shield Long Term Disability Plan, 180 F.3d 1065, 1071 (9th Cir. 1999). In relevant part, Rule 706(a) states that, "[o]n a party's

3

motion or on its own, the court may order the parties to show cause why expert witnesses should not be appointed…" Fed. R. Evid. 706(a). While the Court has the discretion to appoint an expert and to apportion costs, including the apportionment of costs to one side, Fed. R. Evid. 706(c)(2); Ford ex rel. Ford v. Long Beach Unified School Dist., 291 F.3d 1086, 1090 (9th Cir. 2002), Rule 706 is not a means to avoid the *in forma pauperis* statute's "prohibition against using public funds to pay for the expenses of witnesses," Manriquez v. Huchins, 2012 WL 5880431, at *12 (E.D. Cal. 2012), nor does Rule 706 "contemplate court appointment and compensation of an expert witness as an advocate for one of the parties," Faletogo v. Moya, 2013 WL 524037, at *2 (S.D. Cal. 2013).

"Where a party has filed a motion for appointment of a neutral expert under Rule 706, the court must provide a reasoned explanation of its ruling on the motion. Several factors guide the court's decision. First, and most importantly, the court must consider whether the opinion of a neutral expert will promote accurate fact finding. The court may also consider the ability of the indigent party to obtain an expert and the significance of the rights at stake in the case. Expert witnesses should not be appointed where they are not necessary or significantly useful for the trier of fact to comprehend a material issue in a case." Johnson v. Cate, 2015 WL 5321784, at *2 (E.D. Cal. 2015) (citations omitted).

5. Discussion

Plaintiff's motions will be denied. First, Plaintiff has failed to show that an expert is "necessary or significantly useful for the trier of fact to comprehend a material issue in [this] case." Johnson, 2015 WL 5321784, at *2. As described below, Plaintiff only explains how a neutral expert will benefit his case. Plaintiff never explains how the neutral expert would assist the Court or the jury in comprehending a material issue in this case.[2]

Second, Plaintiff appears to be requesting that the Court appoint an expert for him—not a neutral expert. In both of Plaintiff's motions, instead of explaining how a *neutral* expert

---

[2] In one of his motions, Plaintiff does argue that the appointment of Richard Subia as an expert witness "would greatly assist the Court, and the jury, in resolving this case, at trial." (ECF No. 189, p. 5). However, Plaintiff does not explain how appointment of the expert would assist the Court or the jury in comprehending a material issue in this case.

4

would promote accurate fact finding, Plaintiff lays out what he believes he needs to prove in order to prevail, and explains why he needs an expert to prove those things. In fact, Plaintiff explicitly states in both motions that he is asking for an expert to assist in the preparation of *his* case. Appointing an expert witness to assist Plaintiff in the preparation of his case would be an improper use of Rule 706(a). <u>Faletogo</u>, 2013 WL 524037, at *2 (S.D. Cal. 2013) (Rule 706(a) "does not contemplate court appointment and compensation of an expert witness as an advocate for one of the parties."). Thus, Plaintiff's motions will be denied.

While not dispositive to the Court's analysis, the Court notes that Plaintiff has conducted extensive discovery in this case. For example, Plaintiff requested, and the Court approved (ECF No. 94), the issuance of four third-party subpoenas for documents, electronically stored information, and other tangible things. In ruling on motions to quash two of the subpoenas, the Court ordered the production of communications, as well as other documents, related to the retention (or release) of Plaintiff in administrative segregation. (ECF Nos. 151, 155, & 157). Additionally, the Court ordered the parties to exchange initial disclosures (ECF No. 79) and required the parties to exchange certain relevant documents (ECF No. 88). Thus, Plaintiff already has in his possession documents that he can use to help prove his case.

## III. ORDER

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for a Court-appointed expert specializing in the field of corrections practices and procedures (ECF No. 189) and motion for a Court-appointed expert specializing in the field of clinical psychology (ECF No. 190) are DENIED.

IT IS SO ORDERED.

Dated: **November 15, 2018**

/s/ Erin P. Grosjean
UNITED STATES MAGISTRATE JUDGE

5