UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARD RANSOM, JR.,<br><br>    Plaintiff,<br><br>v.<br><br>DANNY HERRERA and RICKY BRANNUM,<br><br>    Defendants. | Case No. 1:11-cv-01709-LJO-EPG (PC)<br><br>ORDER ON PLAINITFF'S MOTION FOR CLARIFICATION OF DEADLINE TO FILE PRETRIAL STATEMENT AND MOTION FOR ATTENDANCE OF INCARCERATED WITNESSES<br><br>(ECF NO. 245) |

Leonard Ransom, Jr. ("Plaintiff"), is a state prisoner proceeding *pro se* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

On June 18, 2019, Plaintiff filed a motion for clarification of his deadline to file a pretrial statement and a motion for attendance of incarcerated witnesses. (ECF No. 245). Plaintiff states that, because of the pending motion for summary judgment, he does not know which witnesses he needs to call, what evidence he needs to present, or if there will even be a trial. Thus, Plaintiff asks that he be allowed to file his pretrial statement and motion for attendance of incarcerated witnesses after the Court issues its ruling on the dispositive motion.[1]

---

[1] Plaintiff states that "it appears [Defendants] have been informed of an impending ruling, prior to it's [sic] issuance." (ECF No. 245, p. 5). This is not correct. Instead, it appears that Defendants filed a pretrial statement in compliance with their deadline to do so.

Plaintiff's motion will be denied. Plaintiff was required to file to file his pretrial statement and his motion for attendance of incarcerated witnesses by May 6, 2019. While it is true Plaintiff does not know what claims will be proceeding to trial, Plaintiff can still file both his pretrial statement and his motion for the attendance of incarcerated witnesses. While some, if not all, of Plaintiff's claims may end up being dismissed, Plaintiff should have proceeded as if all of his claims are proceeding to trial and filed his pretrial statement and his motion for attendance of incarcerated witnesses by the May 6, 2019 deadline.

However, given the apparent confusion caused by the pending motion for summary judgment, the Court will give Plaintiff until July 1, 2019, to file his pretrial statement,[2] and until July 8, 2019, to file his motion for attendance of incarcerated witnesses. As noted above, Plaintiff should proceed as if all of his claims are proceeding to trial.[3]

Accordingly, IT IS ORDERED that:

1. Plaintiff's request to be allowed to file his pretrial statement and motion for attendance of incarcerated witnesses after the Court issues its ruling on the dispositive motion is DENIED;
2. Plaintiff's July 1, 2019 deadline to file his pretrial statement remains as previously set; and
3. Plaintiff has until July 8, 2019, to file his motion for attendance of incarcerated witnesses.

IT IS SO ORDERED.

Dated: **June 20, 2019**　　　　　　　　/s/ Eric P. Groy
　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

---

[2] Given Plaintiff's apparent confusion, on June 17, 2019, the Court extended the deadline for Plaintiff to file a pretrial statement to July 1, 2019. (ECF No. 244). The Court is confirming that extended deadline in this order, not continuing it further.

[3] The parties should not take this as any indication regarding the ruling on the motion for summary judgment, which is still pending before the undersigned judge, who will then issue Findings and Recommendations to the District Judge who will review the matter de novo with the benefit of any objections from the parties.

2