UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARD RANSOM, JR.,<br><br>    Plaintiff,<br><br>    v.<br><br>DANNY HERRERA and RICKY BRANNUM,<br><br>    Defendants. | Case No. 1:11-cv-01709-LJO-EPG (PC)<br><br>ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTENDANCE OF INCARCERATED WITNESSES VIA VIDEO CONFERENCE<br><br>(ECF NO. 254) |

## I. BACKGROUND

This action is proceeding against defendants Brannum and Herrera on "Plaintiff's Devereaux substantive due process claim, retaliation claim, and conspiracy claim." (ECF No. 265, p. 3).

On July 11, 2019, Plaintiff filed motion for attendance of incarcerated witnesses via video conference, a supporting declaration, and declarations from the prospective witnesses. (ECF No. 254). On July 17, 2019, Defendants filed their opposition to the motion. (ECF No. 260). On July 23, 2019, Plaintiff (through counsel) filed a reply. (ECF No. 264).

Plaintiff seeks to bring two inmate witnesses to trial: (1) Andre Johnson; and (2) George Reed III. (ECF No. 254, p. 1). Defendants object to the attendance of both witnesses. (ECF No. 260).

For the reasons described below, the Court finds that Andre Johnson and George Reed III should be brought to testify at the upcoming trial.

///

1

## II. DISCUSSION

"The determination whether to issue a writ of habeas corpus ad testificandum rests within the sound discretion of the district court." Cummings v. Adams, 2006 U.S. Dist. LEXIS 9381, *6, 2006 WL 449095 (E.D. Cal. Feb. 17, 2006). Accord Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994).

In determining whether to grant Plaintiff's motions for the attendance of incarcerated witnesses, the Court considers the following factors: (1) whether the inmate's presence will substantially further the resolution of the case, (2) the security risks presented by the inmate's presence, (3) the expense of transportation and security, and (4) whether the suit can be stayed until the inmate is released without prejudice to the cause asserted. Wiggins v. County of Alameda, 717 F.2d 466, 468 n.1 (9th Cir. 1983). See also Lopez v. Cate, 2016 WL 3940341, at *2 (E.D. Cal. July 20, 2016).

After conducting a "cost-benefit analysis regarding whether the inmate[s] should come to court," Cummings, 2006 U.S. Dist. LEXIS 9381 at *7, the Court has determined that Andre Johnson and George Reed III should to come to court to testify.

Both witnesses will allegedly testify that they witnessed the incident on March 4, 2009, and that no assault took place. (ECF No. 254, pgs. 11 & 13).

Defendants object to the attendance of these witnesses on three grounds. First, Defendants object because Plaintiff failed to establish whether either witness is willing to testify voluntarily, which was required by the Court's scheduling order.

Second, Defendants object because, in April of 2018, defense counsel reached out to Andre Johnson regarding Plaintiff's claims in this case, and Andre Johnson "did not recall the events described within his declaration, but ultimately had a completely different recollection than the events described by Plaintiff and described by Mr. Johnson, within the 2009 declaration Plaintiff included within his motion. Mr. Johnson described Plaintiff being handcuffed and removed from his cell and being assaulted by two unidentified officer[s] by being thrown against a wall. Further, Mr. Johnson within his declaration or in his conversation to Defense counsel, could not identify Defendants." (ECF No. 260, pgs. 3-4) (citations

omitted). Thus, having Andre Johnson testify at trial would not substantially further the resolution of this case.

Finally, Defendants argue that, given the cell configuration at Kern Valley State Prison, neither Andre Johnson nor George Reed III could "have seen whether Plaintiff grabbed Herrera through the food port, as they would not have been able to see the front of Plaintiff's cell door out of their own cell door." (Id. at 3). "Further, neither Mr. Reed nor Mr. Johnson name the Defendants as the two witnesses they claim to have observed on March 4, 2009." (Id.).

As to Defendants' first objection, Defendants are correct that Plaintiff failed to comply with the Court's order, which he did have an obligation to do. However, the Court does not need to know whether the witnesses will testify voluntarily in order to resolve this motion. Accordingly, the Court will not deny Plaintiff's motion on this ground, and Defendants' first objection is overruled.

As to Defendants' second objection, it is overruled because, even if Andre Johnson recalled a different version of events than what is listed in his declaration when he spoke with defense counsel in April of 2008, he is an alleged eye witness. At trial both parties will have the opportunity to refresh Andre Johnson's recollection, or impeach his testimony, including with his declaration.

As to Defendants' third objection, it is overruled because, in ruling on this motion, the Court is not making factual findings or evidentiary rulings. The Court is only conducting a cost-benefit analysis to determine whether these witnesses should be brought to court. Plaintiff has submitted declarations from two witnesses stating that they saw the incident occur. As what occurred on March 4, 2009, is central to the resolution of this action, testimony from these witnesses will substantially further the resolution of the case. While Defendants have submitted evidence that impeaches the witnesses' testimony, such evidence does not indicate that the witnesses are no longer relevant.

After balancing the factors, the Court finds that Andre Johnson and George Reed III should be brought to testify at the upcoming trial. Both witnesses will allegedly testify about what they witnessed on March 4, 2009. As what occurred on March 4, 2009, is central to the

resolution of this action, testimony from these witnesses will substantially further the resolution of the case, and their testimony at trial is worth the expense of transportation and security.

As to the remaining factors, given the security precautions that will be taken, it does not appear that the presence of either witness at trial will pose a security risk. And, given the age of this case, and that memories already appear to be fading, staying the case would be prejudicial.

As to Plaintiff's request for the Court to order Andre Johnson and George Reed III's institutions of confinement to produce Andre Johnson and George Reed to testify via video conference, this request was denied by Chief Judge Lawrence J. O'Neill on the record at the telephonic pretrial confirmation hearing. As was stated on the record at the hearing, the Court declines to make such an order to require the Institutions to make witnesses available by videoconference, absent the Institutions' consent. As Judge O'Neill explained, the parties may jointly arrange for the participation of these witnesses at trial via video conference if the inmates' Institutions are willing to do so.

If any party arranges for the attendance of either of these witnesses via video conference, that party shall promptly file and serve a notice stating that the witness will be appearing via video conference. The notice shall also include the name and contact information of the individual at the witness's institution of confinement who is responsible for arranging the appearance via video conference.

### III. ORDER

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for attendance of incarcerated witnesses via video conference is granted in part.

Approximately one month before the trial the Court will issue writs of habeas corpus ad testificandum to have Andre Johnson and George Reed III brought to the court to testify at trial. IT IS SO ORDERED.

Dated: **July 25, 2019**  /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE