UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARD RANSOM, JR.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DANNY HERRERA and RICKY BRANNUM,<br><br>　　　　　Defendants. | Case No. 1:11-cv-01709-LJO-EPG (PC)<br><br>ORDER GRANTING DEFENDANTS' MOTION TO AMEND RESPONSES TO REQUESTS FOR ADMISSION<br><br>(ECF NO. 261) |

On July 17, 2019, Defendants filed a motion to amend responses to requests for admission. (ECF No. 261). "Plaintiff served requests for admission regarding who was responsible for closing the food port door, and Defendants incorrectly responded by admitting that Defendant Brannum closed that door. This error was compounded when Herrera responded to a follow-up request concerning the truthfulness of his prior discovery responses." (ECF No. 261-1, p. 2) (citations omitted). "Defendants seek to amend a total of four responses to requests for admission : Defendant Herrera's Responses to Request for Admission, Set One, Requests Nos. 4 and 11; Defendant Brannum's Response to Request for Admission, Set One, Request No 2; and Defendant Herrera's Response to Request for Admission, Set Two, Request No. 5. Defendants seek to amend their responses to reflect that Defendant Herrera closed the food port door and to clarify Herrera's response to follow-up discovery requests." (ECF No.

261-1. p. 3) (footnote omitted).

On July 31, 2019, Plaintiff's counsel filed an opposition to the motion. (ECF No. 268).[1] Plaintiff argues that the motion should be denied because it was filed approximately a year after the requests for admission were answered, and two days after the Court issued its pretrial order. (Id. at 2). "There has been no explanation of the delay in filing a request to amend the admissions until after the issuing of the Pretrial Order. Additionally, even if the Court allows the amendments, [P]laintiff will still have the opportunity to impeach the defendants with the prior responses. Plaintiff submits the amendment does not promote the presentation of the merits of the action and therefore, must be denied." (Id.).

On August 6, 2019, Defendants filed their reply. (ECF No. 277).

Under Federal Rule of Civil Procedure 36(b), "[a] matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended. Subject to Rule 16(e), the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits."

Upon consideration, the Court will allow Defendants to amend the above-listed responses to Plaintiff's requests for admission. Given Defendants' motion, it would promote the presentation of the merits of the action to allow amendment because it no longer appears that the previously admitted information should be considered "conclusively established." Defendants now contest their initial response to the request for admission, and Plaintiff does not argue that the previously admitted information is true and should be found conclusively established.

That said, Plaintiff is correct that Plaintiff will still have the opportunity to impeach the defendants with the prior responses. Nothing in this order precludes Plaintiff from introducing

---

[1] Plaintiff also filed an opposition *pro se*. (ECF No. 274). On August 12, 2019, Defendants filed a motion to strike Plaintiff's *pro se* opposition. (ECF No. 279 & 280). The Court will not strike the *pro se* opposition. However, as Plaintiff is represented by counsel and his counsel filed an opposition, the Court will disregard Plaintiff's *pro se* opposition.

Defendants' initial responses to the requests for admission for any reason other than to hold that the previously admitted information is conclusively established as a fact.

    Accordingly, IT IS HEREBY ORDERED that Defendants have leave to amend defendant Herrera's Responses to Request for Admission, Set One, Requests Nos. 4 and 11; defendant Brannum's Response to Request for Admission, Set One, Request No 2; and defendant Herrera's Response to Request for Admission, Set Two, Request No. 5. Defendants must serve any amended responses no later than 14 days from the date of this order.

    Plaintiff may still attempt to use the original responses at trial for other purposes, including impeachment.

IT IS SO ORDERED.

Dated: **August 13, 2019**

/s/ *Erica P. Grosjean*
UNITED STATES MAGISTRATE JUDGE